EMERN McALLEN v. FRED A. HODGE and Another.[1]

February 17, 1905.

Nos. 14,056—(158).

**Divorce.**

Appellant procured a divorce from intervenor on the ground of cruelty. After the decree and divorce, the parties entered into a written contract whereby, in consideration of $7,000 cash, and the execution and delivery of a bond for $3,000, plaintiff released and discharged all claims and causes of action she had or claimed to have against any and all persons for the alienation of her husband's affections, and agreed not to bring or cause to be brought any action or proceeding against any person for the recovery of damages on that account. This action was brought against defendants Hodge for the purpose of recovering damages for the alienation of her husband's affections; and in defense thereof plaintiff's former husband intervened, setting up the written contract referred to. In answering the intervening complaint, plaintiff alleged that the contract was entered into in consideration and in pursuance of a prior agreement, made while husband and wife, to the effect that if plaintiff would withdraw a former action of divorce pending, and interpose one upon the ground of cruel treatment, the intervenor would make no defense thereto, and would pay plaintiff the sum stipulated in the contract.

*Held*, that the contract, while valid upon its face, according to the facts pleaded in the answer, if true, was void as against public policy. But plaintiff attacks the validity of the contract for the purpose of enabling her to violate its terms by prosecuting the action against defendants. Under such circumstances, the law will not assist her to thus take advantage of her own wrong.

Action in the district court for Pine county to recover from defendants $30,000 for alienation of the affections of Peter W. McAllen, former husband of plaintiff. Thereupon McAllen intervened setting up the contract mentioned in the opinion and praying that plaintiff be enjoined from proceeding further with the action. From separate orders, Williston, J., granting the injunction as prayed, and striking out portions of plaintiff's answer to intervenor's complaint, plaintiff appealed. Order granting injunction affirmed.

[1] Reported in 102 N. W. 707.

*Erwin & Mead* and *Henry S. Mead,* for appellant.
*John E. Fitzpatrick,* for intervenor.

LEWIS, J.

Plaintiff and intervenor, Peter W. McAllen, were formerly husband and wife, and prior to the commencement of this action had been duly divorced. This action was brought by plaintiff against defendants Hodge to recover damages for the alienation of her husband's affections. Mr. McAllen intervened, setting up a contract whereby, in consideration of $10,000 paid and to be paid, plaintiff released and discharged all claims and causes of action which she had or claimed to have against any and all persons for the alienation of her husband's affections, and agreed not to bring or cause to be brought an action or proceedings against any persons for the recovery of damages on that account. In a former appeal it was held that it was proper for the husband to intervene and set up the contract in defense of plaintiff's cause of action. McAllen v. Hodge, 92 Minn. 68, 99 N. W. 424. After the cause was remanded, plaintiff served an answer to the intervening complaint, whereupon the intervenor moved the court to strike out certain portions thereof, and also moved the court for an order granting a temporary injunction enjoining and restraining plaintiff from prosecuting the action upon the ground that the answer and intervening complaint admitted the execution of the contract of settlement, and that the answer did not show any defense. The trial court granted the motion, in part, to strike out portions of the answer, and also granted the motion for a temporary injunction, and plaintiff appealed from both orders.

It will be unnecessary to review the order of the trial court in striking out portions of the answer, in view of our disposition of the case upon the other question. In substance, the answer alleged that plaintiff and McAllen were married in 1894, living together as husband and wife until December 28, 1901, when they were divorced; that, prior to the granting of the decree of divorce, plaintiff and her husband agreed that if plaintiff would dismiss a prior action pending against the husband for divorce upon the ground of intimacy with defendant Carrie E. Hodge, and commence a new action upon the ground of cruel and inhuman treatment, and would sign the con-

tract set out in intervenor's complaint, and release all right and claim to alimony, and all rights in and to the property of the intervenor, in consideration therefor the husband would permit an action for divorce upon the ground of cruelty to proceed to judgment without interposing a defense, allowing plaintiff the care and custody of the minor child, and would pay to her the sum of $7,000 in cash, and deliver a bond for $3,000; that the agreement was carried out, the money paid, and the bond delivered, all in pursuance of such prior agreement; that the contract set forth in intervenor's complaint was reduced to writing and executed before service of papers in the new divorce action. There are other allegations in the answer, which are unnecessary to mention at this time.

Upon the former appeal it was held that the contract was upon its face a valid one, and that the husband was entitled to plead it in defense to this action.   So the issue made here is this:   May the contract, which upon its face appears to be valid, be attacked, and its true character shown, in order that plaintiff may proceed to do that which she had contracted not to do, thus taking advantage of her own wrong? It will be conceded, without argument, that, if the facts set out in the answer to the intervening complaint be true, they show without question the invalidity of the contract, and it was void as against public policy.   But will the court lend its aid to plaintiff, under the circumstances of this case, to show the true nature of the contract, for the purpose proposed by her answer?   The question thus presented is not free from doubt, but, after a consideration of the general principles involved, we have come to the conclusion that plaintiff has not shown herself entitled to the relief sought.

Adams v. Adams, 25 Minn. 72, was an action upon a promissory note, brought by a divorced wife against her husband.   It was held that as a defense he could show the true nature of the transaction—that the note was given in pursuance of an agreement between them respecting alimony, and made for the purpose of facilitating their divorce.   It was held that the agreement was illegal and void as against public policy, that the parties had no legal capacity to enter into such contract, and that the true nature of the transaction might be shown for the purpose of disclosing the want of consideration in the note.   Plaintiff was not permitted to recover, for the reason that the court would

go no further than to disclose the true nature of the transaction, and would not extend its aid to either party to enforce any of the provisions of such illegal agreement.

That case does not differ in principle, but this case presents an additional question. In the Adams case the party to the wrong was, through the administration of the courts, attempting to enforce a void agreement, while here the intervenor does not plead the contract of settlement for the purpose of asking any affirmative relief, but as a defense, for the purpose of preventing plaintiff from taking advantage of her own wrong.

The contract is valid upon its face, and was executed, at least in part. While there is some attempt in the answer to show that plaintiff was induced to enter into the arrangement by reason of fraudulent representations on the part of her husband, the facts alleged are not sufficient to indicate that she was influenced into the execution of the contract upon that ground. It clearly appears that she made the settlement advisedly, and, under the facts pleaded, is in no position to attack the contract and secure its cancellation upon the ground of fraud. Nor, upon the facts set forth in the answer, is she in a position to ask a court of equity to cancel the contract upon the grounds of its illegality, without doing equity herself and restoring the money received. Having voluntarily entered into this agreement and received the money, she will not be heard to affirmatively attack it through the medium of a court of equity, unless she comes into court with clean hands. It logically follows that she is in no position to attack the agreement in this, an action at law, when the purpose disclosed by her defense is not alone to resist the enforcement of the contract, but to enable her to act in direct contradiction to its terms. So long as that contract is in existence, it stands in her way; and, in order to get around it, she is obliged to show that the agreement grew out of an illegal consideration, and she seeks to do that in order that she may derive a personal benefit without restoring the money received. Her position in this case is the same as it would be, had she proceeded in a court of equity to have the contract canceled.

We think this conclusion is in accordance with the general principles as established by the authorities and text-writers on the subject. 2 Pomeroy, Eq. Jur. & 941; Ellicott v. Chamberlin, 38 N. J. Eq. 604; Collins v. Blantern, 1 Smith, Lead. Cas. (11th Ed.) 370, and notes.

The granting of the injunction, while in form affirmative relief, is no more, in effect, than an order for judgment for defendants upon the pleadings.

Order affirmed.