EMERN McALLEN v. PETER W. McALLEN.[1]

January 12, 1906.

Nos. 14,536—(131).

**Divorce—Alimony.**

A wife, who is unable to obtain relief by way of cancellation or enforcement of a contract for the procurement of a divorce on the ground of desertion by the husband and for the payment to her by him of an agreed sum in lieu of alimony, which was valid on its face, but was in fact void as against public policy, and who has not returned nor offered to return the $7,000 paid her in cash under that contract, cannot secure indirectly through an allowance for alimony in divorce proceedings what would be denied her upon direct application in ordinary legal or equitable actions or suits. McAllen v. Hodge, 94 Minn. 237, 102 N. W. 707, followed and applied.

**Support of Children.**

When a court, by a decree of absolute divorce granted the wife because of desertion of her husband, awarded the custody of a minor child to the wife, but made no allowance for its maintenance, and when it appears that the wife is without financial means, the power of that court extends to the subsequent revision and alteration of such decree, so as to adequately secure the full performance by the father of his legal and natural

[1]Reported in 106 N. W. 100.

duty to care for his offspring, as by making an allowance for its support and education and by requiring payment thereof by the father, and so as to otherwise properly provide for the general welfare of such child.

The trial court is *held* to have properly refused to grant an allowance of alimony to the wife, but to have erroneously refused to make provision for the support of the minor child by the father.

**Record on Appeal.**

An appeal from an order disposing of an interlocutory motion is well taken when it affirmatively appears by the certificate of the clerk of the proper court that his return contains correct copies of all the records and files in the case, although certain exhibits attached to certain affidavits were detached at the suggestion of the trial court.

Appeal by plaintiff from an order of the district court for Pine county, Crosby, J., discharging an order to show cause why a judgment of divorce should not be opened and the judgment modified by providing an allowance for alimony and for the support of a minor child previously awarded to the custody of plaintiff. Reversed and remanded with instructions.

*Mead & Robertson,* for appellant.

*Robert C. Saunders,* for respondent.

JAGGARD, J.

The facts in this case, substantially as stated by plaintiff and appellant, which are for present purposes accepted as true, are as follows: Plaintiff and defendant and respondent were married on March 26, 1894, and shortly afterwards resided in Pine county for a number of years, and until after the divorce hereinafter mentioned. Plaintiff brought three successive actions for divorce against her husband. The first of these actions, charging adultery, was dismissed. Subsequently plaintiff again started an action on that ground. She found that her husband had disposed of his property, absented himself from the state, and could not personally be served with process. She was without money, was in ill health, and had to support an infant daughter. While plaintiff was attempting to get service on defendant, who was out of the state, an agent of her husband, one Fred A. Hodge, made a proposition that if she would discontinue her pending divorce action upon the

ground of adultery, and commence one upon the ground of cruel and inhuman treatment, and prosecute it to judgment, and afterwards leave the state and not return for two years, and if she would release and discharge all claims for damages for alienating the affections of her husband and breaking up her family, then the said defendant would, through an attorney, admit service of the summons and complaint in the divorce action charging cruel and inhuman treatment, and would furnish sufficient evidence to substantiate the charge, would put in an answer immediately to give the court jurisdiction in the case, and would do everything necessary to bring the case to trial at once, would not appear to defend the action in court or substantiate the allegations of his answer, and would consent that plaintiff might have the custody of said minor child. Further he would pay her $7,000 and make a bond for $3,000 conditioned as aforesaid in lieu of permanent alimony. Plaintiff consented to make the above agreement. These negotiations were all carried out on December 28, 1901.

This action was commenced on December 23, 1901. Defendant answered. It was tried by stipulation of the parties on December 28, or five days after the commencement of the action, and on the same day findings and order for judgment were filed, and judgment was thereon entered in the office of the clerk of the district court of Pine county. By the judgment an absolute divorce was decreed between the parties, and the plaintiff was awarded the sole care and custody of the minor child, Kathryn Agnes, the issue of said marriage. Neither in the findings nor decree is any mention made of an award to said plaintiff of temporary or permanent alimony, or of any amount to be paid by defendant to plaintiff, or any other person, for the care, custody, maintenance, or education of said minor child. At all times since the entry of said decree said minor child has been with her mother, and the defendant has not contributed anything to the support or education of said child. On the same day, in pursuance of the above agreement, the plaintiff executed a contract embodying the terms stated. At the same time and place defendant executed a bond for $3,000, to be paid at end of two years, conditioned upon her remaining out of this state

and bringing no suit for alienation of the affections of her husband. The contracts were reduced to writing and executed on the same day, but before the cause was tried, and the delivery was made after the trial. The plaintiff received $7,000 from the defendant.

After the divorce was granted this plaintiff left the state of Minnesota for a time, but returned in July, 1902, and about July 28, 1902, commenced an action against Fred A. Hodge and Carrie E. Hodge for alienating her husband's affections, in the district court of Pine county. The defendants put in a general denial of the allegations of the complaint, and the defendant in the case at bar brought an independent action in the district court, based upon the contract or release in the bond, to have the plaintiff restrained from prosecuting her action against the Hodges. Plaintiff filed the affidavit required by statute with the clerk of court of Pine county, and had the case removed to Hennepin county. The district court of Pine county retained the case in spite of this affidavit. Plaintiff secured a writ of prohibition from this court, and caused the district court of Pine county to send the case to Hennepin county. McAllen v. District Court of Pine County, 88 Minn. 95, 92 N. W. 518. The plaintiff then filed an answer to the complaint of McAllen, and the Hennepin county court dissolved the temporary injunction, whereupon McAllen dismissed his action and filed a complaint in intervention in the action against the Hodges. Plaintiff moved to strike out this intervention complaint, and the district court of Pine county granted the motion. From this order intervenor appealed and the case was reversed. McAllen v. Hodge, 92 Minn. 68, 99 N. W. 426.

After the case had been reversed by this court, the plaintiff put in an answer to the intervenor's complaint. No reply was filed by the intervenor. Upon the coming in of the answer to the intervention complaint, the intervenor made a motion to strike out portions of the plaintiff's answer. This motion was granted, and the plaintiff took an appeal to this court. At the same time and place, after the motion to strike out had been argued, the intervenor made a motion for a permanent injunction; but upon the hearing it was agreed that, if the court found that intervenor was

entitled to a temporary injunction, he should grant a permanent injunction, as the facts were before the court and there could be no object in prolonging the litigation. After considering the matter, the court granted a permanent injunction. The plaintiff then took an appeal from this order to this court, and the order of the court below was affirmed. McAllen v. Hodge, 94 Minn. 237, 102 N. W. 707.

On April 3, 1905, an order to show cause was issued by the court, based upon the notice of motion and petition of the plaintiff for alimony and for allowance to support the child. The case came on for hearing before the district judge on April 11, 1905, upon the order to show cause, petition, and notice of motion. Upon the affidavits of defendant and plaintiff's rebuttal affidavits the matter was finally argued and submitted. The trial court afterwards filed its order denying the motion and discharging the order to show cause. This appeal was subsequently perfected from that order.

1. This appeal was well taken. In Du Toit v. Fergestad, 55 Minn. 462, 57 N. W. 204, it was held that upon an appeal to this court from an order disposing of an interlocutory motion it must be made to appear affirmatively, either by the certificate of the judge making the order that the return contains all of the files and papers used at the hearing of the motion, or by the certificate of the clerk of the proper court that his return contains copies of all the records and files in the case, that this court has before it everything which was presented to and considered by the court below. In this case the clerk certifies that his return contains copies of all records and files in the case. It is true that certain exhibits attached to certain affidavits of the plaintiff were detached at the suggestion of the court before filing. The essential contents of these exhibits sufficiently appear in the records. The whole record, as determined by the trial court, appears before this court.

2. The first question, concerning the merits of the case, presented to the trial court, was whether the plaintiff was entitled to a decree for alimony. This court has determined, after careful consideration, that the contract, valid on its face, was void as against public policy, if the facts pleaded by the plaintiff in a former ac-

tion were true, but that, according to her own contention, she, having received the consideration under it,. did not come into equity with clean hands, and therefore could not obtain relief by way of enforcement or cancellation of the contract. "So long as that contract is in existence it stands in her way." Lewis, J., in McAllen v. Hodge, 94 Minn. 237, 102 N. W. 707, 708. The facts upon which the plaintiff here seeks alimony are consistent with her claims made in that case, and do not furnish any substantial additional grounds for relief, apart from the support of the child.. They call for no special discussion. She appears to be without money or property; but she has not returned, nor offered to return, the $7,000 paid her by defendant under the contract. Accordingly the controversy narrows to the question whether the plaintiff can secure by a decree of alimony what she could not recover by proceedings under the contract.

Reason and authority alike compel the denial of such an accomplishment, ingenious as is the attempt and censorious as must be the attitude of the law with respect to such agreements. No doubt exists as to the power of a court in its discretion to revise and alter decrees adjudging alimony, in the light of subsequent events. G. S. 1894, § 4809; Blake v. Blake, 75 Wis. 339, 43 N. W. 144; McKensey v. McKensey, 65 N. J. Eq. 633, 55 Atl. 1073; O'Brien v. O'Brien, 19 Neb. 584, 27 N. W. 640. The question here is as to the propriety of the exercise of that power under the present circumstances. It is obvious that what parties to such an agreement will not be permitted to secure directly by action at law or suit in equity they will not be allowed to obtain indirectly by decree in divorce proceedings. See Grace. v. Grace, 96 Minn. 294, 104 N. W. 969. The plaintiff is not more in position to secure the aid of the court sitting in divorce proceedings than when sitting as a court of equity or in an ordinary court of law. The trial court, from this point of view, did not abuse its discretion.

3. The second question presented on the merits to the trial court was whether any allowance should be made for the support of the minor child, the custody of whom was committed to the mother by the decree of divorce. The obligation of progenitors.

97 M.—6

to support their offspring rests upon an entirely different foundation from that upon which the law bases the duty of the husband to care for his wife. That obligation is at once legal and natural. It springs as necessarily from the law as from the primal instincts of human nature. Its consistent enforcement is equally essential to the well-being of the state, the morals of the community, and the development of the individual. Prolonged childhood is a condition of civilization as well as a product of conscience. The child, helpless in extreme infancy and required in the maturer years of its minority to obey the reciprocal duty of serving its parents, is not to be deprived of its natural and legal right of protection and support by its father, because of any family quarrel or of any agreement between husband and wife. It is not a party to divorce proceedings. It is not barred as to its rights by any decree therein. 2 Nelson, Div. & Sep. § 975, et seq.; In re Besondy, 32 Minn. 385, 387, 20 N. W. 366, 50 Am. Rep. 579; 21 Am. & Eng. Enc. (2d Ed.) 1049. "Divorce and decreeing the custody of minor children to the mother do not absolve the father from his parental duties and obligations to his children. He must still be reasonably liable for their support and education. * * * It is their right that those who have brought them into the world should take care of them till they are old enough to take care of themselves." Buckminster v. Buckminster, 38 Vt. 248, 88 Am. Dec. 652. And see Spencer v. Spencer, supra, page 56; Pretzinger v. Pretzinger, 45 Oh. St. 452, 15 N. E. 471, 4 Am. St. Rep. 542; 2 Nelson, Div. & Sep. §§ 981, 982.

It is true that the original common-law duty of the father to support the child, based as it was upon the rule that at marriage the property of the wife became her husband's, may properly be modified in view of current statutory provisions allowing married women their separate property. But the right of the child to be maintained and educated by its parents remains undiminished. For present purposes only, in this case, we have treated it as a fact that the wife here was without means. The conclusion follows that when the court, by a decree of absolute divorce granted the wife because of desertion of her husband, awarded the custody of

a minor child to the wife, but made no allowance for its maintenance, and when it appears that the wife is without financial means, the power of that court extends to the subsequent revision and alteration of such decrees so as to adequately secure the full performance by the father of his legal and natural duty to care for his offspring, as by making an allowance for its support and education, and by requiring payment thereof by the father, and so as to otherwise properly provide for the general welfare of such child. Accordingly the trial court should have considered the petition so far as it relates to an allowance for the support of the child, and after hearing, within the wide limits appropriate to the proper determination of the moral and financial questions involved, should have made an order accordingly.

The order of the trial court is accordingly reversed, and the case remanded for further proceedings in accordance herewith.