MARION A. MUND v. ROBERT B. MUND.

90 N. W. (2d) 309.

May 23, 1958—No. 37,296.

*Anthony L. Fratto,* for appellant.
*Lionel K. Hvolboll,* for respondent.

MURPHY, JUSTICE.

This is an appeal from a judgment entered in the District Court of Freeborn County by which the defendant was required to pay the sum of $40 per month to the plaintiff-mother for the support of a minor child alleged to be the issue of the marriage of the parties. Plaintiff and defendant were married on January 22, 1951, while the defendant was in military service. A birth certificate, recorded in Wright County, shows the defendant to be the father of a daughter, Beverly Ann Mund, born on March 30, 1951.

Six months after their marriage, on July 17, 1951, while the defendant was located outside the state in the armed services, the plaintiff commenced an action for divorce. At that time the plaintiff was 19 years of age and the defendant was 21 years of age. The plaintiff appeared by her father, who was duly appointed as guardian ad litem. The complaint contains this equivocal allegation: "That there are no living issue of said marriage except that plaintiff has one child in her custody." The parties entered into a stipulation by which the defendant submitted to the jurisdiction of the court and agreed that, if grounds for divorce were established, such divorce should be granted without provision for alimony or support. The stipulation contains no mention as to issue of the marriage. No answer was interposed by the defendant. The case was heard as a default action, and, statutory grounds for divorce having been found to exist, the divorce was granted on July 21, 1951. The findings of fact in that action state: "* * * there are no living issue of said marriage." It is difficult to understand why no mention was made of the child as issue in the verified complaint or stipulation, particularly in view of the fact that the plaintiff must have been obviously pregnant when she was married and the child was living at the time the divorce was granted.

On April 12, 1957, about 6 years after the birth of the child, the plaintiff filed a petition to amend the findings so as to establish that one

child was born of the marriage. The petition further asked for the allowance of reasonable support for the child. The plaintiff's petition was accompanied by her affidavit stating that at the time the order was made granting the divorce she was unaware that it included a finding that there was no issue of the marriage. The plaintiff further affirmed that during the course of the trial neither the judge nor her attorney asked her whether there was any issue of the marriage. In addition to her affidavit, the plaintiff submitted the child's birth certificate, showing the parties to be the parents of the child and the birth as having occurred during wedlock.

The trial court amended the findings, in accordance with the petition, to show that Beverly Ann Mund was a child born of the marriage of the parties and that the plaintiff was entitled to custody and the sum of $40 per month support for the child.

■ The first point raised by the defendant is that the district court did not have power to amend the findings of fact and judgment for the reason that M. S. A. 1949, § 544.32, limited the power of the district court to amend for a mistake to one year after entry of judgment. The statute in question, which has been superseded by Rule 60.02, Rules of Civil Procedure, did not prohibit the amendment of a divorce decree as to support or custody of children but only prevents modification with respect to the marital status of the parties. Hoff v. Hoff, 133 Minn. 86, 157 N. W. 999.

■ The district court is given broad power to modify a judgment of divorce by M. S. A. 518.18, which provides that the court may revise and alter an order concerning the care, custody, and maintenance of children and make new orders concerning them as circumstances of the parents and the interests of the children may require. Johnson v. Johnson, 223 Minn. 420, 27 N. W. (2d) 289; Limnell v. Limnell, 176 Minn. 393, 223 N. W. 609. We have recognized that the obligation of parents to support their children derives from the legal and natural duty as members of society to take care of them until they are old enough to take care of themselves. McAllen v. McAllen, 97 Minn. 76, 106 N. W. 100; Buckminster v. Buckminster, 38 Vt. 248, 88 Am. D. 652.

■ Where no allowance has been made for the support of a minor child, the power of the court extends to subsequent modification and

amendment of the decree so as to secure the full performance by the parent of his legal and natural duty to care for his offspring. This obligation to support the issue of the marriage is exactly the same after the divorce as it was before the dissolution of the marriage. Quist v. Quist, 207 Minn. 257, 290 N. W. 561; 27 C. J. S., Divorce, § 319b. Since parents may not absolve themselves of the obligation to support their offspring by a court-adopted stipulation, we conclude that, where the parents or their counsel, either through error or design, by stipulation or evidence presented in a divorce action omit mention of the fact of issue of the marriage and fail to make provision for such issue, the court under its continuing jurisdiction to modify, alter, or amend the divorce decree may correct the error and provide for the support of a child omitted in the original order.

■ The defendant contends that, because the stipulation entered into between the parties provides that there shall be no alimony or support, the plaintiff is barred from asserting this claim. We have no hesitancy in saying that, even though a stipulation may be incorporated in the divorce decree, that fact does not affect the power of the court to make subsequent changes as are required by the circumstances. Our recent decision in Mark v. Mark, 248 Minn, 446, 80 N. W. (2d) 621, has left no doubt as to the importance to be attached to a court-adopted stipulation in a divorce action. Such stipulations (248 Minn. 450, 80 N. W. [2d] 624) "are not so far contracts as to be controlling upon the court or as to preclude subsequent change, in a proper case, of the original final decree." Where the stipulation of the parties has been merged in the divorce judgment, that fact does not deprive the district court of its statutory right to modify the judgment under § 518.18. Fruen v. Fruen, 228 Minn. 391, 37 N. W. (2d) 417; Warren v. Warren, 116 Minn. 458, 133 N. W. 1009; Randall v. Randall, 181 Minn. 18, 231 N. W. 413; Kate v. Kate, 234 Minn. 402, 48 N. W. (2d) 551; Botkin v. Botkin, 247 Minn. 25, 77 N. W. (2d) 172.

We cannot agree with the defendant's contention that the question of the existence of issue of the marriage is res judicata. In addition to the authorities already cited in support of the court's power to modify the divorce judgment, it is recognized that judgments are conclusive only as to issues adjudged in the action and not to issues collaterally

and incidentally considered. Norton v. Larney, 266 U. S. 511, 45 S. Ct. 145, 69 L. ed. 413; North Carolina R. Co. v. Story, 268 U. S. 288, 45 S. Ct. 531, 69 L. ed. 959; 10 Dunnell, Dig. (3 ed.) §§ 5159, 5160, 5172. We do not think that there can be an "estoppel by judgment" here since the question of the issue of the marriage was not involved and, as heretofore pointed out, was withheld from consideration by the court and constituted no part of the judgment. O'Neil v. Rueb, 215 Minn. 296, 10 N. W. (2d) 363; Smith v. Smith, 235 Minn. 412, 51 N. W. (2d) 276, 32 A. L. R. (2d) 1135; Nelson v. Dorr, 239 Minn. 423, 58 N. W. (2d) 876. The only issue before the trial court in this case was whether or not grounds for divorce existed. The question of whether or not Beverly Ann was a child born of the marriage was not considered or passed upon. Estate of Williams, 36 Cal. (2d) 289, 223 P. (2d) 248, 22 A. L. R. (2d) 716.

"Where a particular matter or issue is withdrawn or withheld from consideration of the court, either by stipulation of the parties or otherwise, it is not adjudicated, and a judgment entered on other issues will not act as a bar to another action on the issues so withdrawn." Smith v. Smith, 235 Minn. 412, 418, 51 N. W. (2d) 276, 279, 32 A. L. R. (2d) 1135.

■ The defendant next contends that the presumption that a child born to a married woman during wedlock is a child of her then husband does not continue after adjudication and entry of judgment adverse to the presumption. He asserts that any presumption of the child's legitimacy, which would impose upon him the obligation of support, is completely destroyed by the court's finding "that there are no living issue of said marriage." This court has recognized that the presumption of legitimacy of a child conceived after marriage applies as well to cases of premarital conception. State v. E. A. H. 246 Minn. 299, 75 N. W. (2d) 195.[1] In that case we noted that (246 Minn. 307, 75 N. W.[2d]

---

[1] In Haugen v. Swanson, 219 Minn. 123, 16 N. W. (2d) 900, it was noted that the presumption of legitimacy could be rebutted only by proof of non-access of the husband during the possible period of gestation, or conceivably through such scientific evidence as proof of miscegenation, impotency, or negative results of reliable blood tests by impartial physicians. See, Meemken v. O'Hara, 243 Minn. 138, 144, 66 N. W. (2d) 601, 605.

200) "This is particularly true if the husband knew at the time of the marriage that his wife-to-be was pregnant * * *." The same observation might well be made here, since it is apparent from the facts that on the date of marriage the mother had been enceinte for at least a period of 7 months. The birth certificate establishes that there was a child in existence on the date the divorce was granted and, under the circumstances, it would be surprising if the defendant were to deny knowledge of its existence. We are not at liberty to speculate as to the reasons for either suppressing or overlooking this fact at the time the divorce was granted. It is enough to say in any event that the acts of the parents cannot deprive the child of the right to support and maintenance from the father.

■ Although the defendant in his brief relies upon the points heretofore reviewed, in oral argument before this court he makes the point that the paternity of the child remains an issue and that this issue has not been determined. He contends that the trial court prematurely made its order requiring payment of support before he had an opportunity to assert his claim and be heard on the issue of paternity. It appears that the trial court was of the view that the presumption of legitimacy was sufficient to support the court's order and that, if the defendant chose to have the order vacated, he could do so by appropriate proceedings under § 518.18. The majority of this court is of a contrary view. Under the circumstances there should have been a hearing on the question of paternity before the order for support was made. The presumption of legitimacy does not deprive the putative father of that right. The reasons for a hearing are manifest. The complaint in the divorce action made no definite allegation that the defendant was the father of the child; no mention of the child was made in the stipulation; and, of greater significance, the court found there was no issue of the marriage. The plaintiff's assertion that no one asked her about the child at the time of the hearing is not persuasive in light of the fact that the findings and decree were accepted by both her father, who had been appointed her guardian ad litem, and the competent attorneys who were provided for her. We think that due process requires that under the circumstances the defendant should have been given the right to be heard on the question of whether or not he is in fact the father of the child before the order for

support was entered.

Attorneys' fees in the sum of $200 are allowed to the plaintiff.

Reversed and remanded.

Mr. Justice Nelson took no part in the consideration or decision of this case.