GORDON L. HEDSTROM v. LOLA ANN HEDSTROM.

232 N. W. 2d 419.

July 3, 1975—No. 45339.

*Wayne A. Wentworth,* for appellant.
*Marcia Lippincott,* Legal Aid Society of Minneapolis, for respondent.

PER CURIAM.

Plaintiff appeals from an order denying his motion to reopen a divorce judgment and decree dated February 4, 1969, to relitigate the paternity of two minor male children born during the course of his marriage to defendant on November 31, 1963, and April 12, 1967. We affirm.

The parties were married September 29, 1962. In July 1968, after defendant abandoned the family, plaintiff commenced an action for divorce, serving defendant personally with a signed complaint which alleged that the two children, identified by name and birth date, were issue of the marriage. The action was heard as a default. Upon plaintiff's sworn testimony, paternity was specifically found and custody of the "minor children of the parties" was awarded to plaintiff and incorporated into the judgment. Sometime subsequent to the divorce, plaintiff voluntarily returned custody of the children to their mother, the defendant, with whom they have since remained.

Provoked by proceedings instituted by St. Louis County authorities in November 1973 under the Uniform Reciprocal Support Act, Minn. St. 518.41 to 518.52, seeking support payments for the children, plaintiff petitioned to reopen the divorce judgment. The allegations of his petition, supported by his affidavit, were (1) that he believed he was not the father of either child; (2) that defendant was guilty of misconduct and misrepresentation of paternity during the marriage; (3) that no children were born during his two prior marriages, each of 7 years' duration, and that he was medically advised that he "was not capable of reproducing"; (4) that during the marriage relationship and afterward he had "misgivings" as to the fact of paternity; and (5) that if the court would grant plaintiff's request incorporated in the petition to order blood tests, the results would supply conclusive proof supporting his claim. Defendant filed no responsive pleading or affidavit.

At the hearing on plaintiff's petition, plaintiff appeared personally and both parties were represented by counsel. Defendant was not present, and no oral testimony, results of blood tests, or other medical opinion evidence was offered in support of plaintiff's claim.

Following oral argument, the trial court filed its order and explanatory memorandum denying plaintiff's petition to reopen the judgment, essentially for the reason that plaintiff failed to establish grounds for relief. As the court's memorandum explains, paternity was litigated and, upon plaintiff's proof, adjudicated in the divorce proceeding; his

principal reliance upon Mund v. Mund, 252 Minn. 442, 90 N. W. 2d 309 (1958), is misplaced; and his factual allegations fall far short of establishing fraud, duress, or mistake which could not have been discovered by the exercise of diligence before the judgment was entered—fundamental grounds upon which a final judgment may be set aside. We agree. We add that clearly Mund v. Mund, *supra,* is factually distinguishable. Moreover, apart from plaintiff's failure to support his claim with admissible results of prehearing blood tests or medical testimony of his sterility, he faced the difficult, if not impossible, task of justifying his sworn testimony to support the fact of paternity at the time of the default divorce hearing when he, by his own admission, entertained "misgivings" of such fact. See, Bredemann v. Bredemann, 253 Minn. 21, 91 N. W. 2d 84 (1958); Limberg v. Limberg, 10 Wis. 2d 63, 102 N .W. 2d 103 (1960); Sorenson v. Sorenson, 254 Iowa 817, 119 N. W. 2d 129 (1963); Butler v. Brownlee, 152 Mont. 453, 451 P. 2d 836 (1969); Johns v. Johns, 64 Wash. 2d 696, 393 P. 2d 948 (1964).

Affirmed.