In re the Marriage of Joseph Francis WARHOL, Petitioner, Respondent,

v.

Elayne Mildred WARHOL, Appellant.

No. CX–90–1481.

Court of Appeals of Minnesota.

Dec. 31, 1990.

Review Denied March 15, 1991.

Harold J. Slawik, III, St. Paul, for respondent.

Robert E. Oliphant, Supervising Atty., Judith Marie Thomas, Certified Student Atty., St. Paul, for appellant.

Considered and decided by FORSBERG, P.J., and RANDALL and FLEMING *, JJ.

## OPINION

RANDALL, Judge.

Elayne Warhol appeals from an amended judgment and decree of dissolution of her marriage to respondent Joseph Warhol. The amendment contending nonpaternity of David Warhol allowed respondent's petition to relate back to the original date of service. The amended decree determined respondent was not the father of her son David and thus determined respondent was relieved of any child support obligation. Appellant contends the trial court allowed respondent's amended petition to relate back to the original date of service for purposes of considering the issue of timeliness. We affirm.

## FACTS

Appellant and respondent began cohabiting in 1979. After a break-up of several months in late 1983, the parties reconciled and once again lived together. Appellant was approximately three months pregnant at the time of the reconciliation. Her son, David Warhol, was born on August 17, 1984. Respondent signed the birth certificate and the Minnesota Department of Health statistical form as the father. The parties were married on December 31, 1984.

Within approximately one year of David's birth, the parties began suffering considerable marital discord. According to respondent, he returned home one evening to find his wife gone to a party and a baby sitter watching David. When he confronted appellant, she informed him that how she raised the child was none of his concern as he was not the father. According to respondent's testimony, appellant recanted this statement the next morning explaining she only said it to hurt respondent due to her anger.

On August 17, 1986 (David's second birthday), respondent again separated from appellant. He began dissolution proceedings in September of 1986. This was nearly a year before David's third birthday.

In his original dissolution petition, respondent, having no reason at that time to believe otherwise, admitted paternity of David. In April of 1987, appellant served an answer and counterpetition which also alleged David was respondent's son. Respondent subsequently became suspicious of his paternity due to statements made by appellant and David himself. With the three of them cooperating, appellant, respondent, and David submitted to blood tests which determined with medical certainty there was zero percent probability that respondent was David's father.

In April of 1988, six months after learning he was not David's father, respondent moved to amend his petition for dissolution to allege nonpaternity. This motion was eight months after David's third birthday. Appellant raised the three-year statute of limitations as a defense and claimed respondent's motion was untimely and that respondent was barred from contesting the prior adjudication of paternity.

In the meantime, respondent had ceased making voluntary child support payments as of the date of notification of the blood test results. The county began an action for child support payments. The trial court held a hearing on the issue of paternity and other matters involved in the dissolution on December 7, 1988. The trial court found respondent was the father of

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

the child and found his nonpaternity claim untimely under the statute of limitations.

That judgment was appealed to this court. In an unpublished opinion, *Warhol v. Warhol*, No. C9–89–686, 1989 WL 117513 (Minn.App. October 10, 1989), this court remanded for findings as to the basis of the trial court's determination of untimeliness, and whether the amendment related back to the date of the original complaint and, if so, whether it constituted an action challenging paternity.

In its amended findings, the trial court now found appellant's proposed amendment to the original petition was effective and related back to the time the petition was filed. This amended finding allowed respondent's defense to the issue of paternity to be timely. After considering the question of paternity on the merits, the court found as a matter of law respondent was not the father of David Warhol, and thus not obligated to pay child support.

David's mother appeals from this amended judgment alleging various procedural errors. We affirm.

### ISSUES

1. Did the trial court err in ruling on the paternity of a minor child not a party to the action, nor represented by a guardian ad litem?

2. Did the trial court err in finding the amendment to the dissolution was effective and related back to the original petition?

3. Did the trial court err in allowing respondent to assert his nonpaternity action without starting a separate action and joining it with a dissolution action?

### ANALYSIS

### I.

*No Guardian Ad Litem Required*

■ Appellant contends the trial court erred in declaring nonpaternity when the minor child was neither a party to the action nor represented by a guardian ad litem. Under Minn.Stat. § 257.60 (1988):

The child shall be made a party whenever:

\* \* \* \* \* \*

(2) The child is a minor and the action is to declare the nonexistence of the father and child relationship.

This issue is being raised for the first time on appeal. There was no motion by either party to request a guardian ad litem to represent David's interests. In this regard, this case is distinguishable from appellant's asserted authority, *Reynolds v. Reynolds*, 454 N.W.2d 271 (Minn.App. 1990), *rev'd on other grounds*. There, the trial court specifically denied a motion for appointment of a guardian. No such motion was made by appellant in this case.

### II.

*Amendment of Dissolution Petition*

■ Appellant also contends the trial court erred in allowing respondent's amendment of his dissolution petition to relate back to the original date of service. It is her contention the amendment brought the minor child into the action after the statute of limitations had run. She claims this is contrary to the requirements of Minn.R.Civ.P. 15.03. This rule requires any new party brought in by amendment receive "such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits \* \* \*." *Id.* She contends since no such notice was given to the minor child, the amendment must be ineffective.

On remand from this court, the trial court found:

[T]he statute of limitations, Minn.Stat. sec. 257.57, subd. 1(b) (1988) [a non-paternity action shall be brought "in no event later than three years after the child's birth"], does not bar Petitioner's claim of non-paternity. The commencement of this dissolution proceeding by Petitioner was an action for the purpose of declaring the nonexistence of the father and child relationship presumed under section 275.55, subd. 1(c) within the meaning of the statute.

The trial court properly reasoned the amendment was effective because paternity, of necessity, is always an issue (although often conceded) in a dissolution action. "The issue of paternity arises in relation to the claim for child support, and is required to be raised in every dissolution petition." *Ondracek v. Blohm,* 363 N.W.2d 113, 115 (Minn.App.1985).

In *Ondracek,* an admission of paternity in a petition was res judicata as to a subsequent action for nonpaternity. Appellant claims this holding should be likewise applied to the present case. However, *Ondracek* is distinguishable because there was a judgment and decree of dissolution already entered at the time the nonpaternity issue was raised. In the Warhols' case, the amendment was made before the final decree and judgment was entered.

We further agree with the trial court that since the issue was raised before the statute of limitations ran, the amendment may relate back to the original petition under Minn.R.Civ.P. 15.03. This rule provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

*Id.* The trial court properly found respondent's amendment related back to the date of the original pleading, and thus the defense on the merits to the issue of paternity was timely.

We also note Minn.R.Civ.P. 15.02 which provides:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.

The paternity issue in this case was tried to the court with the approval of the parties. The trial court correctly found the evidence was irrefutable that respondent was not David's father.

Appellant alleges that allowing respondent's defense to paternity to be heard on the merits is contrary to public policy. Appellant claims the applicable statute of limitations is an absolute bar to any action on paternity after the child's third birthday and alleges any liberal interpretation of procedural rules to allow respondent to present his defense on the merits subverts the legislative intent favoring presumption of legitimacy.

We disagree. In any civil action, no public policy is served by preventing a bona fide defense on the merits when a party is so entitled. The "relation back" analysis of the trial court, which we herein affirm, was a proper application of existing law to the actions.

There are no equitable grounds mandating a ruling in favor of appellant. We can see no relationship to preserve. Had respondent chosen to continue to view and support the child as his own, that was his option. By exercising his other option to attempt to legally sever the paternity ties, he made a clear statement that he chose not to continue the relationship. For a court to artificially continue the relationship just for the economics of a monthly support check doesn't serve any emotional need of respondent and David. For the support check from the real father, appellant has the option open to her for several more years to help the authorities locate the proper person to pay child support. Minn.Stat. § 257.58, subd. 1 (1990).

### III.

### *Nonpaternity Action*

■ Appellant claims the nonpaternity action was improperly decided because it must be raised as a separate claim under the parantage act and joined with a dissolution action. In support of this contention, appellant cites Minn.Stat. § 257.59 (1988) which states:

In Hennepin and Ramsey Counties, the district court has jurisdiction of an action brought under sections 257.51 to 257.74. The action *may* be joined with an action for dissolution, annulment, legal separa-

tion, custody under chapter 518, or reciprocal enforcement of support.

(Emphasis added.)

Appellant's position is not supported by the statute. The language of the act is permissive. Under appellant's rationale, a separate action would be mandatory, not permissive. This result would be contrary to the interests of judicial economy. No prejudice to either party results when the issue is raised in the dissolution petition.

## DECISION

Affirmed.