THE PEOPLE *ex rel.* BARBARA ARGO, Petitioner-Appellee, *v.* JIMMY HENDERSON, Respondent-Appellant.

First District (4th Division)　No. 80-1353

Opinion filed June 11, 1981.

426

Roderick F. Mollison, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Paul P. Biebel, Jr., Stuart D. Gordon, Jeffrey M. Marks, and James G. Tansey, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This is an appeal from a contempt citation arising out of respondent's failure to make regular child support payments. The proceeding initiated by petitioner is pursuant to the provisions of the Revised Uniform Reciprocal Enforcement of Support Act. (Ill. Rev. Stat. 1979, ch. 40, par. 1201 *et seq.*) After a hearing, the circuit court of Cook County found respondent, Jimmy Henderson, in contempt of court and imposed a sentence of 30 days in the Cook County jail. Respondent appeals, claiming error in the finding of contempt. We affirm the judgment of the circuit court.

On January 7, 1971, the marriage of Barbara and Jimmy Ray Henderson was dissolved in an ex parte proceeding by the circuit court of Cook County. Jurisdiction was obtained over Barbara by publication. Barbara and their five minor children had moved to Florida. The Illinois divorce judgment left the matter of alimony and child support for future consideration of the court.

On December 9, 1971, Barbara filed in the circuit court of Broward County, Florida, a petition for support of their five children under the Uniform Reciprocal Enforcement of Support Act (URESA). The petition was forwarded to the Cook County State's Attorney for prosecution under the Illinois URESA law (Ill. Rev. Stat. 1979, ch. 40, par. 1201 *et seq.*). The complaint was filed in the circuit court of Cook County on January 14, 1972.

An order for temporary support in the amount of $5 per week per child, a total of $25 per week, was entered on May 15, 1972. The temporary order was made permanent on August 15, 1972. On May 13, 1975, the order was modified to provide for support of $100 per month. From the time the order of support was entered, the account of Jimmy Henderson has been replete with indicated arrearages. By March 17, 1980, respondent was in arrears to the sum of $6875.

On May 2, 1980, respondent was found in contempt of court and sentenced to 30 days in jail. The mittimus was stayed to May 23, 1980, to allow respondent to purge himself by payment of $2000. Respondent obtained a further stay pending this appeal. No payment has been made.

■■ Failure to pay child support as ordered by the court is prima facie evidence of contempt. (*People ex rel. Person v. Miller* (1977), 56 Ill. App. 3d 450, 461, 371 N.E.2d 1012, 1021.) And, following a showing of a failure to make payment, the burden is then on the respondent to prove that his failure to comply with the judgment order was not willful and contumacious and that he had a valid excuse for his failure to pay. (*People v. Stanley* (1978), 60 Ill. App. 3d 909, 911, 376 N.E.2d 1095, 1097.) The record reflects that from the entry of the 1972 order respondent has not been diligent in making support payments. In 1975 when respondent pleaded an injury which left him unemployed, support was suspended until he was able to resume payments.

A defense in a contempt action brought for failure to pay child support is whether respondent has satisfactorily established that his failure was due entirely to his inability to pay. (*Person*, at 461.) Respondent does not raise this defense to the contempt action.

Respondent ceased making support payments because he felt petitioner, Barbara Argo, was disobeying orders of the court. Respondent's acts are similar to those of the respondent in *People ex rel. Winger v. Young* (1979), 78 Ill. App. 3d 512, 397 N.E.2d 253. In that case, the respondent claimed that his duty to continue paying child support was negated by the wife's having moved to Wisconsin and having kept the child's whereabouts hidden. (*Winger*, at 513.) The trial court ordered funds held until the wife granted the husband visitation rights. The appellate court held that under URESA a responding court lacks authority to withhold child support payments. *Winger*, at 514.

■■ The purpose of URESA is to improve and extend by reciprocal legislation the enforcement of duties of support. It enables a dependent in one state to enforce a duty of support owed by a person residing in another state. (*People ex rel. Kerl v. Kerl* (1979), 75 Ill. App. 3d 347, 349, 393 N.E.2d 1305, 1307.) Under URESA, violation of visitation rights does not suspend or excuse the other parent's failure to comply with child support obligations. Ill. Rev. Stat. 1979, ch. 40, par. 1223; see *Winger*.

Respondent attempted to consolidate the petition under URESA with a post-judgment proceeding on child custody. Consolidation of proceedings is within the discretion of the trial court. But, the discretion of the trial court is limited by the language of the Uniform Reciprocal Enforcement of Support Act. (*Nelson v. Nelson* (1974), 17 Ill. App. 3d 651, 655, 308 N.E.2d 132, 135.) It has been the practice in this state not to consolidate a URESA proceeding with divorce or post-judgment proceedings. (See *Nelson*.) And, URESA confers jurisdiction over child support matters notwithstanding prior or contemporaneous action in other proceedings. *Kerl*, at 349.

■■ The proper remedy for the violation of visitation rights is a petition for a rule to show cause why the noncomplying party should not be held in contempt. (*People ex rel. Winger v. Young* (1979), 78 Ill. App. 3d 512, 513, 397 N.E.2d 253, 254.) After a court has entered an order of support under URESA, a parent may not unilaterally terminate payment of support. All duties of support, including the duty to pay arrearages, are enforceable by a proceeding under the Act including a proceeding for civil contempt. See *Dorsey v. Dorsey* (1980), 86 Ill. App. 3d 1043, 408 N.E.2d 502.

■■ For the foregoing reasons, the trial court did not err in finding respondent in contempt. The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

ROMITI, P. J., and LINN, J., concur.