**Susan K. ENGLAND, petitioner, Respondent,**

v.

**Steven J. ENGLAND, Appellant.**

No. C3–82–1485.

Supreme Court of Minnesota.

Aug. 26, 1983.

Stuart E. Gale, Bloomington, for appellant.

Marcia Rowland, County Atty., Harvey C. Ginsberg, Asst. County Atty., Chaska, for respondent.

PETERSON, Justice.

This is an action for welfare reimbursement pursuant to the revised Uniform Reciprocal Enforcement of Support Act (URESA), Minn.Stat. §§ 518C.01–.36 (1982),[1] where, during an existing marriage, the wife removed the children of the marriage to another state. Respondent Susan K. England, the petitioner below (hereafter plaintiff), and appellant Steven J. England (hereafter defendant) are parents of two minor children. The family previously resided in Minnesota. Plaintiff departed Minnesota and currently resides with the children in Covington, Louisiana. Defendant maintains his residence and employment in Minnesota. No action for divorce or separation has ever been commenced, and there exists no order regarding child custody, visitation, or support.

Plaintiff applied for and has received public welfare assistance for her two children from the Parish of St. Tamany in Louisiana. The State of Louisiana initiated this welfare reimbursement suit against defendant in February 1982. Defendant was served by the State of Minnesota, acting as the responding jurisdiction under URESA. A hearing on the claim was held in Carver County on May 28, 1982. The parties arrived at a stipulated agreement that reserved defendant's right to appeal and set his monthly support obligation at $300 per month. By orders dated August 26, 1982, and August 14, 1982, the court upheld the power of the State of Minnesota to establish an initial support order pursuant to URESA, determined that plaintiff's alleged interference with custody and visitation rights did not affect the reimbursement action, and held that defendant had a duty to support the children.

Defendant appeals from the support order on two grounds: (1) that URESA does not apply because there exists no prior or pending action affecting the marital relationship, and (2) that plaintiff, by moving the children's residence to Louisiana, has interfered with defendant's parental rights.

■ 1. We hold that URESA applies to enforce a duty of defendant to support his minor children. He contends that the title of the act limits its application to situations involving proceedings relating to dissolution, relying on Minn. Const. art. 4, § 17, which provides that "[n]o law shall embrace more than one subject which shall be embraced in its title." The title of the bill enacting the revised URESA in Minnesota was: "An act relating to marriage dissolution; adopting the revised uniform reciprocal enforcement of support act; proposing new law coded as Minnesota Statutes, Chapter 518C, repealing Minnesota Statutes 1980, Sections 518.41 to 518.53." Act of March 18, 1982, ch. 436, 1982 Minn.Laws 391. Although the title does specifically mention that the act relates to dissolution, the title also expressly states that the legislation adopts the revised URESA. We therefore reject defendant's constitutional argument.

■ Provisions of URESA make clear that its applicability is not dependent on the existence of other proceedings. *See, e.g.,* Minn.Stat. §§ 518C.02, subd. 3, –.03, –.19, –.30 (1982). Case law of other jurisdictions that have interpreted URESA would re-

---

1. Provisions of the Revised Uniform Reciprocal Enforcement of Support Act of 1968 or its predecessor, the Uniform Reciprocal Enforcement of Support Act of 1950 (amended in 1952 and 1958), have been adopted by all 50 states as well as Guam, Puerto Rico, and the Virgin Islands. 9A U.L.A. (1979), 1983 Supp. 187, 224. Because uniform support act proceedings were not commenced in Minnesota until after March 18, 1982, the effective date of chapter 518C, our decision is based on that chapter (revised URESA) rather than the predecessor version of URESA, Minn.Stat. §§ 518.41–.53 (1980). *See McDonnell v. McCutcheon,* 337 N.W.2d 645 (Minn.1983)

quire application of the act in any case in which a duty of child support is "imposable" by substantive statutory or common law. *See, e.g., Johnson v. Ross,* Ind.App., 405 N.E.2d 569, 571 (1980); *Olson v. Olson,* 534 S.W.2d 526, 530 (Mo.App.1976). *See also Commonwealth of Virginia ex rel. Halsey v. Autry,* 293 Md. 53, 441 A.2d 1056, 1061 (1982) (court proceeding under uniform act may impose duty even though previous support judgment vacated); *State ex rel. State of California ex rel. County of Santa Barbara v. Lagoy,* 54 Or.App. 164, 634 P.2d 289, 290 (1981) (uniform act court may impose duty even though divorce decree did not order support payments).

We have construed Minn.Stat. ch. 518C to apply "to *any* situation where there is a breach of legal duty to support dependent children located in another state." *State of Illinois ex rel. Shannon v. Sterling,* 248 Minn. 266, 270, 80 N.W.2d 13, 17 (1956) (construing the predecessor to ch. 518C, Minn.Stat. §§ 518.41–.52 (1953)) (repealed 1982) (emphasis added). Therefore, URESA properly was employed by plaintiff to enforce a duty of defendant to support their children.

■ 2. Defendant also contends that one parent's unilateral interference with the other parent's custodial rights should be allowed to be raised in URESA proceedings. Most courts have not permitted matters relating to custody or visitation to be raised as defenses or counterclaims in URESA proceedings. *E.g., Ibach v. Ibach,* 123 Ariz. 507, 600 P.2d 1370 (1979); *County of Clearwater, Minnesota v. Petrash,* 198 Colo. 231, 233–34, 598 P.2d 138, 140 (1979); *People ex rel. Argo v. Henderson,* 97 Ill.App.3d 425, 428, 52 Ill.Dec. 796, 798, 422 N.E.2d 1005, 1007 (1981); *Beneventi v. Beneventi,* 185 N.W.2d 219, 225 (Iowa 1971); *State ex rel. Hubbard v. Hubbard,* 10 Wis.2d 683, 690, 329 N.W.2d 202, 207 (1983). However, a minority of courts has allowed the respondent in a child support enforcement action to raise custody and visitation issues. *E.g., Hethcox v. Hethcox,* 146 Ga.App. 430, 432–33, 246 S.E.2d 444, 446 (1978); *State of New Jersey v. Morales,* 35 Ohio App.2d 56, 63,

299 N.E.2d 920, 924 (1973). *See also Ray v. Pentlicki,* 375 So.2d 875, 878 (Fla.Dist.Ct. App.1979) (accepting majority view, with an exception where divorce and URESA action pending in same court); *In re Jane S.D. v. Francis X.D., Jr.,* 110 Misc.2d 737, 742, 442 N.Y.S.2d 918, 923 (Fam.Ct.1981) (visitation may not be considered *de novo,* but court may enforce existing right under Uniform Support of Dependents Law). We find the majority view persuasive and adopt it.

■ The purpose of URESA is to improve and extend enforcement of interstate duties of support. Minn.Stat. § 518C.01 (1982). Our legislature has expressed the intent that custody and visitation should not bear on enforcement of support obligations. A provision of URESA, Minn.Stat. § 518C.16 (1982), states, in part: "The determination or enforcement of a duty of support owed to one obligee is unaffected by interference by another obligee with rights of custody or visitation granted by a court." Similarly, Minn.Stat. § 518.612 (1982) states:

Failure by a party to make support payments is not a defense to: interference with visitation rights; or without the permission of the court or the noncustodial parent removing a child from this state. Nor is interference with visitation rights or taking a child from this state without permission of the court or the noncustodial parent a defense to nonpayment of support. If a party fails to make support payments, or interferes with visitation rights, or without permission of the court or the noncustodial parent removes a child from this state, the other party may petition the court for an appropriate order.

As we held in *State of Colorado ex rel. McDonnell v. McCutcheon,* 337 N.W.2d 645 (Minn.1983), under these statutory provisions, deprivation of custody or visitation is not a proper factor to consider in determining or enforcing interstate support obligations. Our decisions in *State of Illinois ex rel. Shannon v. Sterling,* 248 Minn. 266, 80 N.W.2d 13 (1958), and *St. George v. St. George,* 304 N.W.2d 640 (Minn.1981), do not

compel a contrary result. The force of such decisions has been eroded by subsequent legislation, particularly Minn.Stat. § 518C.16 (1982). *State of Colorado ex rel. McDonnell v. McCutcheon,* 337 N.W.2d 650 n. 5 (Minn.1983). Therefore, those cases are inapplicable in interstate URESA proceedings.

■ The only purpose of URESA—to enforce interstate support duties—is maintained by its stated jurisdictional limitations. Participation in a URESA proceeding does not confer jurisdiction upon a court over the parties thereto in another proceeding. Minn.Stat. § 518C.21 (1982). The submission by plaintiff to the jurisdiction of the Minnesota court for purposes of recovering support does not automatically make her subject to a custody or visitation claim in Minnesota.

Defendant was not wholly without a forum in which to raise matters of custody and visitation. A Minnesota court would have had jurisdiction to make child custody determinations if: "This state * * * had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state * * *." Minn.Stat. § 518A.03, subd. 1(a) (1982), a provision of the Uniform Child Custody Jurisdiction Act, Minn.Stat. ch. 518A (1982). At the outset, defendant had the opportunity to commence a custody proceeding in the courts of this state within 6 months of the date plaintiff removed the children from Minnesota. He nevertheless still may submit to the jurisdiction of the courts of Louisiana, the state in which plaintiff and the children reside, if indeed his purpose is to seek a custody or visitation determination rather than to avoid payment of support monies. We hold that the trial court properly refused to permit him to raise such matters in the instant URESA proceeding.

Affirmed.