GLORIA A. BECKER v. NORMAN P. BECKER.

217 N. W. 2d 849.

May 3, 1974—No. 44267.

*Henry H. Bank* and *Jack S. Jaycox,* for appellant.

PER CURIAM.

This is an appeal from an order denying defendant's motion for a reduction of support payments and finding defendant in contempt for failure to pay support. The appeal from that part of the order finding

defendant in contempt is dismissed. The order in all other respects is affirmed.

The parties were divorced in 1969. No alimony was allowed. Custody of the two children was given to plaintiff. The divorce decree required defendant to pay $175 per month in child support for the first year and $225 per month thereafter.

In January 1973 plaintiff brought a motion to find defendant in contempt for failure to pay support. Defendant made a motion for a reduction in support payments, claiming in his affidavit that he was unable to pay the full support awarded plaintiff in the divorce decree. He also stated that he had remarried and his present wife has four children. He further asserted in his affidavit that his former wife, plaintiff in this action, earns in excess of $500 per month. The court found him in contempt and denied his motion for reduction of support payments.[1]

Defendant argues the court erred in not examining him before finding him in contempt pursuant to Minn. St. 588.09. The contempt order, however, is a nonappealable order. It is not a final order. If it were a final order we would agree that oral testimony should have been taken, but that is not the case here. It is a conditional order directing punishment only if defendant fails to purge himself of his contempt. Semrow v. Semrow, 26 Minn. 9, 46 N. W. 446 (1879); Fitch v. Fitch, 298 Minn. 529, 213 N. W. 2d 925 (1974).

Defendant also claims the court erred in denying his motion for a reduction of support by failing to consider the earning capacity and financial circumstances of both parties pursuant to Minn. St. 518.17. The affidavit supporting the motion declared defendant's inability to meet the support payments, itemized his monthly expenses, and claimed his former wife earns in excess of $500 per month. Based on the parties' affidavits, the court ruled on the motion. There is no indication that the court did not consider the parties' financial circumstances. The record does not show any abuse of discretion by the court in denying defendant's motion. Senn v. Senn, 254 Minn. 294, 95 N. W. 2d 27 (1959).

Affirmed.

---

[1] Defendant sought a rehearing before a different judge on both the issue of contempt and on the denial of his motion for reduction of support payments. That judge refused to hear the motion. Although defendant purports to have appealed this ruling, it is not an appealable order.