**In re the Marriage of Sandra R. GORDON, petitioner, Respondent,**

v.

**Stephen D. GORDON, Appellant.**

**No. C1–84–551.**

Court of Appeals of Minnesota.

Oct. 16, 1984.

Phillip Gainsley, Moss & Barnett, Minneapolis, for respondent.

Robert J. Tansey, Jr., Stacker & Ravich, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and LESLIE and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This is an appeal from an order denying appellant's motion for a reimbursement of child support and a modification of child support, and awarding respondent attorney fees and costs. We affirm.

## FACTS

The background facts to this case are stated in *Gordon v. Gordon*, 339 N.W.2d 269 (Minn.1983), in which the Minnesota Supreme Court affirmed a county court order authorizing respondent Sandra Gordon to move to Illinois with the three minor children of the parties. That decision was announced without a written opinion in late August, 1983. Before the Supreme Court opinion was released in October, 1983, appellant Stephen Gordon made a motion in district court to require respondent to reimburse him for the child support payments which he made to her while the children lived with him during the appellate process. He also moved the court to modify the child support to reflect increased visitation expenses. Sandra moved the court for an award of attorney fees and costs in connection with separate motion proceedings related to sale of the parties' home. The trial court denied appellant's motion and awarded respondent $1,361.55 in attorney fees and costs, and Stephen Gordon appealed.

## ISSUE

Did the trial court abuse its discretion in not requiring Sandra Gordon to repay the child support, in not modifying child support to reflect visitation expenses, and in awarding attorney fees to Sandra Gordon?

## ANALYSIS

This appeal has no merit, first, because of broad discretion of the trial court when addressing issues of child support and attorney fees and, second, because of substantial factors supporting the decisions of the trial court on those matters.

 In the absence of a clear showing of an abuse of discretion, child support decisions of the trial court will not be reversed. *Reck v. Reck*, 346 N.W.2d 675, 677 (Minn.Ct.App.1984). Allowance of attorney fees in dissolution cases rests almost entirely in the discretion of the trial court. *Kirby v. Kirby*, 348 N.W.2d 392, 394 (Minn.Ct.App.1984).

Appellant first contends that the trial court abused its discretion in not ordering reimbursement of six and one-half months of the child support which he paid to Sandra Gordon. He asserts that he is entitled to the refund because he paid the children's expenses while they lived with him during the prior appellate process.

 Child support payments enable a parent to pay more than daily living expenses. They are also to be used for such long-term expenses as housing and insurance. In the original judgment, Sandra Gordon was awarded physical custody of the children, and this award has not been modified. Because of this, the mother is required to pay all long-term expenses, even while the children may be temporarily staying with their father. Further, there is great disparity between the incomes of the parties: The trial court found that Stephen Gordon's annual income is approximately $120,000, while Sandra Gordon's is $35,000. The trial court did not abuse its discretion.

 Appellant also claims that the trial court erred in not modifying child support in order to defray the increased visitation expenses due to the children's move to Illinois. In *Auge v. Auge*, 334 N.W.2d 393, 400 (Minn.1983), the court stated that child support may be modified to equitably spread visitation expenses, provided the best interests of the children are con-

sidered. The trial court found no evidence that the support terms were unreasonable or unfair, and correctly noted the disparity in the parties' incomes. Keeping in mind the best interests of the children, we cannot agree the trial court abused its discretion.

Finally, appellant contends that the trial court abused its discretion in awarding attorney fees to Sandra Gordon in connection with the sale of the parties' home, and in not holding an evidentiary hearing on the matter. The decision whether to take oral testimony rests in the discretion of the trial court. Minn.R.Civ.P. 43.05; *Saturnini v. Saturnini*, 260 Minn. 494, 110 N.W.2d 480 (1961). In the original judgment, Stephen Gordon was awarded a 48% equity lien in the parties' home. When Sandra Gordon attempted to sell the house upon her move to Illinois, Stephen Gordon sought to prevent the sale, claiming that the sale price was too low. He filed a notice of *lis pendens* after the trial court ordered that a new certificate of title be entered in Sandra Gordon's name. The trial court did not abuse its discretion in awarding Sandra $1,361.55 in attorney fees and costs for her efforts in clearing the title of the home. *See Kirby*, 348 N.W.2d at 394.

### DECISION

Given the limited lawful scope of our review, it is clear the trial court decisions must stand.

Affirmed.