**In re the Marriage of Wilbern Philip TELL, Petitioner, Appellant,**

v.

**Patricia Elizabeth TELL, Respondent.**

**No. CX–84–77.**

Court of Appeals of Minnesota.

Dec. 18, 1984.

J. Christopher Cuneo, Smith, Juster, Feikema, Malmon & Haskovitz, Minneapolis, for appellant.

Robert R. Alderman, Alderman Law Office Ltd., Brainerd, for respondent.

Heard, considered and decided by PARKER, P.J., and FORSBERG and RANDALL, JJ.

## OPINION

PARKER, Judge.

This case involves the consequences of a private, extrajudicial agreement between divorced parents to give custody of their two minor children to the father instead of the mother as ordered by the judgment and decree. The trial court granted respondent Patricia Tell's motion for $2,000 in child support arrearages, found Wilbern Tell in contempt for failure to pay child support, and ordered him to be jailed for 60 days if he failed to purge the contempt by paying within two months. Wilbern Tell appeals, claiming he had actual custody of the two children during the period for which arrearages were awarded. He also contends the trial court erred in holding that periodic

payments he makes to Patricia Tell as a property settlement are not to be considered a financial resource in determining her ability to pay child support. We affirm in part, reverse and remand in part.

## FACTS

The parties' marriage was dissolved in May 1982. Patricia Tell was given custody of the two minor children, Aaron, now age 16, and Matthew, now age 14. Wilbern was to pay $150 per child per month in support. Neither party was to receive maintenance.

Wilbern was awarded "all right, title and interest in a note and security agreement evidencing the sale of his interest in WJJY–FM Radio," for which he was receiving $1,050 per month. Wilbern was also receiving $1,500 monthly from the sale of his interest in Kelly's Carpet until June 1982, when Kelly's Carpet filed a bankruptcy petition. Patricia was awarded the homestead and payments of $950 per month from Wilbern's $1,050 WJJY–FM interest, beginning May 1, 1982, and continuing until April 1, 1993, as her portion of the present value of the notes awarded to Wilbern.

After the divorce, Wilbern married a woman who has two children from a previous marriage. He also purchased a new home for $39,000, with a downpayment of $7,000 and monthly payments of $650.

In the summer of 1982 a dispute arose between Wilbern and Patricia concerning the custody of the children. They agreed in September 1982 that Wilbern would take custody of the children subject to liberal visitation with Patricia. However, the parties did not agree on whether or how the burden of child support should change.

After taking custody of the children, Wilbern discontinued the monthly child support payments to Patricia on the advice of his attorney. Patricia moved to hold him in contempt for failing to make the support payments. In response Wilbern moved for a formal change of custody and asked to receive child support payments from Patricia. In February 1983 the court ordered

his child support obligation to continue until the child custody issue was resolved.

In September 1983 the court awarded Wilbern custody of the children and relieved him of any future obligation to pay child support. The court found that Patricia was financially unable to make child support payments to Wilbern because she had no income other than the $950 per month received from Wilbern as the property settlement. The court also found Wilbern in contempt for failure to pay child support for the prior 11 months and ordered him to be jailed for 60 days. However, the order expressly provided that the contempt would be purged if he paid $2,000 in arrearages within two months.

## ISSUES

1. Did the trial court err in ordering Wilbern Tell to pay $2,000 in child support arrearages?

2. Did the trial court err in refusing to consider Patricia Tell's receipt of periodic payments of the property settlement as a financial resource available for child support?

3. Did the trial court err in finding Wilbern Tell in contempt for failing to pay child support?

## ANALYSIS

### I

The trial court is afforded broad discretion in custody and support cases and will not be reversed on appeal absent a clear abuse of discretion. *See Reck v. Reck*, 346 N.W.2d 675, 677 (Minn.Ct.App. 1984) (citing *Peterson v. Peterson*, 304 Minn. 578, 231 N.W.2d 85 (1975), and *Hennessy v. Shelton*, 302 Minn. 550, 224 N.W.2d 926 (1974)).

#### 1. *Arrearages*

Wilbern argues that the trial court abused its discretion in ordering him to pay $2,000 in child support arrearages because he was the custodial parent during the time for which arrearages were awarded and

because requiring him to pay the arrearages will divert funds necessary for the care of the children.

■ Wilbern's argument that it is unreasonable to charge him with child support when he was the de facto custodial parent is unavailing. Extra-judicial modifications of dissolution decrees without subsequent judicial approval are not valid. In *Dent v. Casaga*, 296 Minn. 292, 296, 208 N.W.2d 734, 737 (1973), the Minnesota Supreme Court held that

> [A] judgment of divorce providing for support payments in the future is a final judgment. This rule is subject to the right of a party to seek modification of the decree, *but until such modification has been ordered, the decree is entitled to enforcement as originally entered.*

(Emphasis added). No judicial modification of the Tells' dissolution decree regarding custody and support occurred until September 26, 1983. Therefore, the trial court did not err in assessing arrearages based on the provisions of the decree.

Wilbern also argues that $2,000 in arrearages is excessive. At $150 per month per child, Wilbern owed $3,300 in support after 11 months. Therefore, the trial court gave Wilbern a $1,300 "discount." It is difficult to see how an amount less than that which is owed could be excessive.

■ In addition, Wilbern argues that requiring him to pay $2,000 in arrearages will divert funds necessary to care for the children, and therefore the order is not in the children's best interests. Minn.Stat. § 518.17, subd. 4 (1982), governs child support awards and provides that the court is to consider the needs and resources of both the children and the parents. The trial court specifically evaluated the financial ability of both parties to satisfy the needs of the children. The court found that appellant's claimed monthly expenses of $3,470 for himself and the two children were excessive and that his debts and new obligations were not to be considered. The court did not abuse its discretion or fail to consider the interests of the children in assessing arrearages at $2,000.

### 2. Child Support Under the Modified Decree

■ Wilbern argues that the trial court abused its discretion in failing to order Patricia to pay child support under the modified decree. Specifically, Wilbern argues that the monthly $950 payments Patricia receives as part of the property settlement are a financial resource that must be considered in determining her ability to pay support. We agree.

The trial court discussed Patricia Tell's ability to pay support as follows:

> [R]espondent has no income from which to pay support for the minor children of the parties herein; * * * the $950 per month respondent receives as property settlement is necessary for respondent to maintain herself and meet her obligations acquired prior to the dissolution of the marriage of the parties herein and said sum is unavailable for child support payments.

Minn.Stat. § 518.17, subd. 4, does not exclude sums received in a property settlement in determining a parent's ability to support children. Furthermore, Minn.Stat. § 518.551, subd. 5 (Supp.1983), requires consideration of "all earnings, income, and resources * * * including real and personal property." We note further that Minn. Stat. § 518.54, subd. 6, defines income as

> any form of periodic payment to an individual including, but not limited to, wages, salaries, payments to an independent contractor, workers' compensation, unemployment compensation, annuity, military and naval retirement, pension and disability payments.

The $950 monthly settlement sum is therefore a financial resource within the meaning of the statute. Insofar as the trial court concluded that it was not, we reverse and remand. Although her monthly living expenses may make it impossible for Patricia Tell to pay child support, the trial court must consider the $950 payments as a financial resource available for child support.

### 3. *Contempt*

■ Wilbern argues that the trial court erred in holding him in contempt for failing to pay child support after the court specifically ordered him to continue paying it in February 1983. In *Becker v. Becker*, 300 Minn. 512, 513, 217 N.W.2d 849, 850 (1954), the court held that when enforcement of a contempt order for failure to make child support payments is conditioned on the defendant's failure to purge the contempt by complying with the order, the order is not final and is therefore not appealable. *See also Shepard v. Shepard*, 352 N.W.2d 42 (Minn.Ct.App.1984). *Becker* is distinguishable from this case because Wilbern presented an irrevocable letter of credit, which was approved by the court as a supersedeas bond. The order is therefore final and appealable because posting the letter of credit ensures compliance with the appealed order. To hold the contempt order conditional and therefore non-appealable under *Becker* would be to ignore the purposes of Minn.R.Civ.App.P. 108.01 and the supersedeas bond. We hold that when a supersedeas bond is presented for purposes of appealing a contempt order, and the bond is approved by the court, the order is final and appealable.

■ Wilbern's contention that he was not in contempt is erroneous. Constructive contempts are defined as:

> Those not committed in the immediate presence of the court and of which the court has no personal knowledge and may arise from any of the following acts or omissions:
>
> *   *   *   *   *   *
>
> disobedience of any lawful judgment order or process of court.

Minn.Stat. § 588.01, subd. 3(3) (1982).

The dissolution decree was a lawful judgment of the court entitled to full enforcement until judicially modified. *Dent v. Casaga*, 296 Minn. at 296, 208 N.W.2d at 737. Refusing to comply with the decree constitutes disobedience of a lawful judgment and therefore constitutes contempt. The trial court did not err in holding Wilbern in contempt of court for failing to pay child support payments pursuant to the dissolution decree, and it can, by collecting on the letter of credit, purge the contempt for him.

### DECISION

The trial court did not abuse its discretion in ordering Wilbern Tell to pay $2,000 in child support arrearages or in finding him in contempt for failure to pay that sum. A contempt order that may be purged by compliance with a prior order to pay support is appealable if a supersedeas bond is posted pursuant to Minn.R.Civ. App.P. 108.01.

The trial court did err in refusing to consider monthly payments of a property settlement as a financial resource available to Patricia Tell for child support. We remand to the trial court with directions to consider these payments in evaluating her ability to pay support.

Affirmed in part, reversed and remanded in part.