**In re the Marriage of Ross M. TAFLIN, Petitioner, Appellant,**

**v.**

**Donna C. TAFLIN, Respondent.**

**No. C2–84–2101.**

Court of Appeals of Minnesota.

April 16, 1985.

Roxy M. Bracewell, St. Paul, for petitioner, appellant.

William J. McPherson, Minneapolis, for respondent.

Considered and decided by NIEREN-GARTEN, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

This is an appeal from one order containing an order for judgment in child support arrearages and an order to amend child support provisions in a dissolution decree. The father further appeals the denial of an evidentiary hearing pursuant to his motion for custody modification.

Affirmed in part, reversed in part and remanded.

## FACTS

The marriage of appellant Ross Taflin and respondent Donna Taflin was dissolved on September 4, 1981. Pursuant to the judgment and decree, the mother was awarded primary custody of the couples'

five minor children. The father was directed to pay $500 per month for the four younger children in child support, to be reduced by $100 as each child became emancipated. The oldest child was not included in these provisions because he turned 18 years old shortly after the decree was entered.

In June 1982, the four minor children went to live with their maternal grandparents in Fosston, Minnesota. They have continued to reside with their grandparents since that time and have attended schools in the area. Child support payments to the mother became sporadic after this time.

In August 1984, the mother moved for a court order holding the father in contempt for child support arrearages, seeking to reduce the arrearages to judgment. She further moved that child support payments be directed to the county collection service and for reimbursement of $800 in medical and hospitalization insurance. By affidavit, the father counter-motioned for modified custody of the two remaining minor children. His affidavit alleged emotional neglect by the mother and failure to reimburse the children for money she had borrowed from them. It further alleged that the mother utilized the monthly child support payments to support herself and a man with whom she cohabited. In the alternative, he sought a reduction in support payments from $300 to $200 per month and payment directly to the maternal grandmother. In support of this motion, his affidavit alleged a decrease in net earnings in excess of 30 percent from the time of the dissolution decree. The father further moved for an order forgiving child support arrearages.

On August 31, 1984, pursuant to the father's motion, the court continued the matter until September 11, 1984, and ordered that both parties submit tax returns for 1982 and 1983 at that time. Following two more continuances, a hearing was held on November 5, 1984 before a referee. On November 6, 1984, the district court issued its findings of fact and order affirming the

referee's decision. The court ordered judgment for the mother in arrearages totaling $3,280.28 and for reimbursement of $800 in medical expenses. The court further ordered an amendment to the dissolution decree maintaining the level of child support payments and directing that such payments be made directly to Hennepin County Support and Collections Services. In its findings of fact, the court found that the father had failed to produce copies of his tax returns in contravention of the August 31 order and that accordingly, it did not possess enough information to properly determine his income. The father appealed to this court on December 5, 1984 from the November 6 order. Amended judgment was entered on December 17, 1984.

### ISSUES

1. Is an order containing an order for judgment and an order to amend judgment appealable?

2. Did the trial court abuse its discretion in refusing to forgive arrearages in temporary child support when the mother no longer had physical custody of the children?

3. Did the trial court abuse its discretion in maintaining current child support when the father failed to submit adequate documentation of earnings?

4. Did the trial court abuse its discretion in denying modification of custody without an evidentiary hearing when the father's affidavit set forth facts constituting emotional endangerment?

### ANALYSIS

■ From the outset it is clear that the father's appeal suffers from procedural deficiencies. This court has stated that an order for judgment is not appealable. *Swicker v. Ryan,* 346 N.W.2d 367 (Minn.Ct. App.1984). An appeal from an order to amend is similarly premature. *Kirby v. Kirby,* 348 N.W.2d 392 (Minn.Ct.App.1984).

The father seeks to appeal these orders pursuant to Minn.R.Civ.App.P. 103.03(d), which provides in part:

An appeal may be taken to the Court of Appeals

\*    \*    \*    \*    \*    \*

(d) from an order denying a new trial, or from an order granting a new trial if the trial court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of law occurring at the trial, and upon no other ground \* \* \*.

It appears that the father has construed the district court's denial of an evidentiary hearing as an "order denying a new trial," as the record is void of any motion for new trial. It is similarly apparent that the father bases his appeal from the arrearages and child support findings on the same grounds. This reliance is misplaced.

■ A post-decree motion in itself is insufficient to constitute a motion for a new trial. *Swartwoudt v. Swartwoudt,* 349 N.W.2d 600 (Minn.Ct.App.1984). Therefore, even if the father bases this appeal on his post-decree motion for reduction in child support, he would fall short of the procedural requirements. The father should have postponed appeal on the child support issues until amended judgment was entered on December 17, 1984.

■ However, in the interests of judicial economy, we have determined to grant discretionary review of the father's claims. *Kirby,* 348 N.W.2d 392.

### *Arrearages*

Trial courts are afforded broad discretion in determining child support matters. If the determination has a reasonable and acceptable basis in fact, the trial court must be affirmed. *DuBois v. DuBois,* 335 N.W.2d 503, 507 (Minn.1983).

The father first contends that the trial court abused its discretion in refusing to forgive arrearages in child support. In support of this contention, he asserts that his interrupted support payments occurred only upon a de facto change in custody; when the children ceased living with their mother and started living with their grand-

parents. Since the father's attorney has failed to provide this court with a transcript of the proceedings as provided in Minn.R.Civ.App.P. 110.01, our review of this appeal is limited to the record before us at this time.

■ The father's argument on this claim is without merit. This court has recently stated that de facto changes in custody do not operate to relieve child support obligations. *Tell v. Tell*, 359 N.W.2d 298 (Minn. Ct.App.1984). Furthermore, the Minnesota Supreme Court has firmly stated that modifications in dissolution decrees are not valid unless judicially approved:

> [A] judgment of divorce providing for support payments in the future is a final judgment. This rule is subject to the right of a party to seek modification of the decree, *but until such modification has been ordered, the decree is entitled to enforcement as originally entered.*

*Dent v. Casaga*, 296 Minn. 292, 296, 208 N.W.2d 734, 737 (1973) (emphasis supplied).

■ Since it is clear that no modification in child support was judicially approved, the trial court did not abuse its discretion and is affirmed.

*Child Support Payments*

The father contends that the trial court disregarded a 30 percent decrease in his earnings from the time of the dissolution decree and that such action constitutes an abuse of discretion. He directs this court's attention to his 1982 and 1983 tax returns contained within the appendix of his brief as proof that the court had ample information on which to base a finding of a substantial decrease in earnings. *See* Minn. Stat. § 518.64, subd. 2 (Supp.1983).

This claim ignores the findings of the district court:

> * * * Petitioner failed to produce copies of (his) last two years income tax returns as per Court Order dated August 31, 1984 * * * the court does not possess enough documentation to properly determine Petitioner's income herein.

The father's tax returns were thus not properly before the court. We note that the returns contained significant omissions, including lack of signature and date of filing. Regardless of whether the tax returns were excluded on evidentiary grounds or because the father did not present them at all, the result is the same. This court will not engage in speculation and the father will not be heard to complain when he has failed to provide this court with a reviewable record.

■ Since the tax returns were not before the trial court, the only financial information available was contained in the father's affidavit. Upon review of the affidavit, it is immediately apparent that the trial court was correct in finding inadequate documentation of income.

The affidavit sets forth weekly net income from November 5, 1982 to June 23, 1984 and the payments made in child support. While the income schedule as a whole is detailed, it fails to set out a substantial decrease in earnings. Until March 19, 1984, the father's income had consistently fallen within a range of net income from a low of $184 per week to a high of $513 per week. From the period between March 19, 1984 and June 23, 1984, the father's weekly net income dropped to an average of $194.00. We note, however, that the father's support payments had decreased to $400 per month at that time and that on July 19, 1984, the payments would have decreased to $300 per month when the third oldest child turned 18 years old. The father's argument that the $300 monthly payments are unreasonable is unavailing. His affidavit does nothing to substantiate an inability to maintain current levels of child support. On this issue, the trial court is therefore affirmed.

*Custody Modification*

■ Although the father's attorney does not ground his appeal on Minn.R.Civ. App.P. 103.03(e), it is clear that denial of post-decree motions for custody are appealable as of right under *King v. Carroll*, 356 N.W.2d 449 (Minn.Ct.App.1984).

Minn.Stat. § 518.18 (1982) vests a trial court with continued jurisdiction to modify a custody order when circumstances warrant such a change. *See* Minn.Stat. § 518.18(d)(iii). The statute, however, does not similarly establish procedural guidelines to be followed when a court is presented with a petition for modification. *Hegerle v. Hegerle,* 355 N.W.2d 726 (Minn. Ct.App.1984). Thus, in the exercise of its discretion, the court may ordinarily refuse to modify a custody decree without holding an evidentiary hearing. *Nice-Peterson v. Nice-Peterson,* 310 N.W.2d 471 (Minn. 1981).

> [T]he burden is on the movant to establish satisfactorily on a preliminary basis that there has occurred a *significant change of circumstances* from the time when the original or amended custody order was issued. Moreover, the significant change in circumstances *must endanger the* child's *physical or emotional health or the child's development.*

*Id.* at 472 (emphasis supplied) (citations omitted). *See* Minn.Stat. § 518.18(d)(iii).

If the affidavits of the noncustodial parent do not establish a change in circumstances sufficient to justify a modification, litigation on the issue is not required. *Hegerle,* 355 N.W.2d at 731. Under similar reasoning, if sufficient evidence exists to warrant consideration of a modification order, the court must order a hearing.

> [T]he applicable rule is clear: while the trial court has continuing jurisdiction to modify a custody order if warranted, it may not do so absent an evidentiary hearing in which witnesses may be cross-examined.

*Auge v. Auge,* 334 N.W.2d 393, 396 (Minn. 1983) (citing *Hummel v. Hummel,* 304 N.W.2d 19, 20 (Minn.1981)).

Based on our review of the father's affidavit, we believe that he has alleged facts, which if true, would establish a significant change in circumstances based on emotional endangerment. Therefore, in this case, the father is entitled to an evidentiary hearing on the matter.

The father's first allegation is based on the mother's voluntary relinquishment of the children on June 15, 1982. While the mother disputes this characterization, it is undisputed that the children have primarily resided with their grandparents during this period of time. The father contends that since his children moved to Fosston, the mother has had limited contact with them and has offered virtually no emotional support. In addition, he claims that the mother borrowed $5,500 from the children but has not reimbursed them. He also alleges that the mother has deprived the children of the benefit of his support payments, using them instead to support herself and the man with whom she currently lives.

The mother relies on *Englund v. Englund,* 352 N.W.2d 800 (Minn.Ct.App.1984), as support for her argument that the father's affidavit was insufficient to meet the threshold requirements of § 518.18(d). That case is distinguishable from the facts in this appeal. In *Englund,* the trial court made a specific finding that none of the mother's alleged factors addressed either a change in circumstances or that modification was necessary to serve the best interests of the child. *See* Minn.Stat. § 518.17, subd. 1 (1982). Here, regretably, the court did not make any findings on the custody issue. It is important, however, in the present case, to consider the focus of the father's allegations. The claims of voluntary relinquishment for over a period of two years and the subsequent minimal contact, the borrowing of money from the children in excessive amounts and failing to pay them back and the alleged abuse of child support payments all focus on emotional detriment. In *Englund,* the allegations focused primarily on the parent's actions and not the effect on the child.

The mother also points out that the father alleged an intent to maintain the children's present living arrangement. Accordingly, she argues that the children's present environment cannot be found as a form of endangerment. *See* Minn.Stat. § 518.18(d)(iii). The mother misconstrues the intent of the statute. The statute's

reference to "present environment" is intended to mean the judicially approved environment. Section 518.18 deals with modification of court orders. Since the grandparents did not have an original or amended grant of custody, the statutory language refers to the environment created by the original decree. Of course, the trial judge may consider the living arrangements under which the children are living when he hears the motion. Those circumstances are legitimate evidence to be considered in the overall best interests issue. We do note that the father's affidavit indicates a desire to leave the children with their grandparents for the time being if he is awarded custody.

We are satisfied that in this case the best interests of the two minor children will be served by a full evidentiary hearing on the custody issue.

*Attorney's Fees*

The mother petitions this court for discretionary grant of attorney's fees under Minn.Stat. § 518.14 (1982). In *Morey v. Peppin,* 353 N.W.2d 179 (Minn.Ct.App. 1984), we awarded attorney's fees based on the relative financial circumstances of the parties. We decline to do so under the present facts.

## DECISION

We affirm the trial court's denial to forgive child support arrearages and its denial of a reduction in child support payments. We reverse the court's denial of custody modification without an evidentiary hearing. On remand, the hearing should be limited to factors addressing a change in custody.