**In re the Marriage of Janice LINDBERG, Respondent,**

v.

**Dennis LINDBERG, Appellant.**

No. C9–85–727.

Court of Appeals of Minnesota.

Dec. 24, 1985.

Certification Granted Jan. 17, 1986.

Richard W. Olson, Grand Forks, N.D., for respondent.

Charles W. Reynolds, Crookston, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

CRIPPEN, Judge.

Appellant was denied forgiveness of child support arrearages. We affirm and certify the case to the supreme court for consideration with our similar decision in *Tell v. Tell*, 359 N.W.2d 298 (Minn.Ct.App. 1984).

## FACTS

The trial court entered a judgment and decree dissolving the marriage of the parties in March 1982. The court awarded the parties joint legal custody of their three children and gave respondent Janice Lindberg physical custody of the children. The children were then 15, 12, and 9 years of age. The court ordered appellant Dennis Lindberg to pay $1000 per month for 24 months as maintenance and $200 per month per child as child support.

At the time of the divorce, respondent was living with the children on the family's farm while appellant lived at their lake home. In June 1982, pursuant to the decree, the parties switched residences. At the same time, the two older children, Ross and Troy, started spending substantial amounts of time with their father at the

farm because they worked with him there. Eventually, the boys began sleeping at the farm as well as spending their days and eating their meals there as it was more convenient for everyone concerned. The youngest child, Dawn, also spent many days at the farm with her brothers, but she continued to reside with her mother.

In awarding maintenance for 24 months, the trial court noted that two years should be sufficient time for respondent to obtain employable skills. To obtain these skills, respondent enrolled on a part-time basis in a program at the University of North Dakota in Grand Forks. Respondent lives in Fertile, Minnesota, 50 miles from Grand Forks, and beginning in the fall of 1982 she drove to and from school every day. During that school year, the boys continued to live with their father, and Dawn lived with her mother.

After a year of commuting, Janice Lindberg decided that it made more sense to spend the travel time on schoolwork, so she enrolled full time and began living in a campus dormitory. During the 1983–1984 school year, she went back to the lake home in Fertile primarily on weekends and holidays.

In May 1983, Dawn joined her brothers in living almost exclusively at the farm with their father. Because the children preferred this arrangement, and because it allowed her to shorten the time required to finish her degree and obtain employment, Janice Lindberg acquiesced in the living arrangements. Nevertheless, she continued to make the lake home available to all three children.

Appellant complied with the court's maintenance and support orders through August 1983, but then he stopped payments. Respondent brought a motion for enforcement of the judgment, and appellant moved to have all arrearages forgiven. At the motion hearing in October 1984, appellant argued that he should be relieved of the obligation to pay arrearages because he had provided for the daily needs of the children.

The court found that Dennis Lindberg's child support and maintenance obligations were not reduced by the de facto change in custody of the boys. Lindberg was aware of his obligations, he made no effort to get a modification of the terms of the 1982 judgment, and he made no showing that a change in his circumstances rendered him incapable of payment. Therefore, the court reasoned, his failure to pay was willful, and the arrearages were not forgiven.

The court found appellant to be in contempt of court, but stayed sentencing to permit him to pay the arrearages, which totaled $7000 in maintenance and $8400 in child support payments. The trial court also relieved appellant of his future child support obligations for the two older children. On appeal, Dennis Lindberg contends that the trial court abused its discretion in failing to forgive the child support arrearages.

## ISSUES

Did the trial court err in refusing to forgive child support arrearages owed by appellant?

## ANALYSIS

This appeal is from denial of appellant's motion that arrearages be forgiven as part of modification of his support obligation. The Minnesota Supreme Court recently stated:

[M]odification proceedings brought pursuant to sections 518.18 and 518.64 are "special proceedings" within the meaning of Minn.R.Civ. [App.] P. 103.03(g) [sic] * * *. As such, any final orders—those denying as well as granting modifications of custody, visitation, maintenance, and support—are appealable as of right.

*Angelos v. Angelos,* 367 N.W.2d 518, 520 (Minn.1985). Under *Angelos,* therefore, appellant has a right to appeal from the trial court's order.

Appellant asks this court to disregard his judicial obligation to provide financial assistance to his children through support payments to respondent. Minnesota law provides that

[a] modification which decreases support or maintenance may be made retroactive only upon a showing that any failure to pay in accord with the terms of the original order was not willful.

Minn.Stat. § 518.64 subd. 2 (1984).

Appellant does not claim his failure to pay support was not willful. Nevertheless, he argues that the court should consider the fact that he suspended the support payments because there was a de facto change in custody; he contends that as long as he was feeding, clothing, and housing the children, he should not have to pay child support for them to respondent.

Informal modifications of dissolution decrees are not valid unless judicially approved. *Dent v. Casaga,* 296 Minn. 292, 296, 208 N.W.2d 734, 737 (1973). The Minnesota Supreme Court has stated:

> [A] judgment of divorce providing for support payments in the future is a final judgment. This rule is subject to the right of a party to seek modification of the decree, but until such modification has been ordered, the decree is entitled to enforcement as originally entered.

*Id. See Taflin v. Taflin,* 366 N.W.2d 315 (Minn.Ct.App.1985) (applying *Dent* to enforce support obligation of father who stopped payments after his children began living with their maternal grandparents); *Tell v. Tell,* 359 N.W.2d 298 (Minn.Ct.App. 1984) (*Dent* applied to enforce support obligation of obligor parent who assumed the care of his children and then stopped making support payments to obligee parent), *pet. for rev. granted,* 366 N.W.2d 103 (Minn.1985); *Gordon v. Gordon,* 356 N.W.2d 436 (Minn.Ct.App.1984) (applying principle to deny obligor father's request for reimbursement of payments he made to obligee while the children were living with the father).

Believing itself to be bound by this rule of law, the trial court rejected appellant's equitable arguments. Appellant now asks for an exception to the rule for cases where a de facto change of custody has occurred.

A review of the fact situations presented thus far by *Dent* and its progeny reveals that those cases have not dealt with an exception of the type that appellant seeks. *Dent* was decided before the dissolution statute was amended to prohibit retroactive decreases in support payments when the nonpayment was willful. The focus in *Dent* was on the "right of the party entitled to the support to obtain judgment for accrued, unpaid support payments" and on the important policy considerations behind the enforcement of judgments as entered. *Dent,* 296 Minn. at 295, 208 N.W.2d at 736. In *Dent,* in fact, the trial court exercised its discretion and relieved the obligated parent of support amounts that accrued while he was the de facto custodian. *Id.* at 294, 208 N.W.2d at 736.

In *Tell,* the de facto change of custody was not one arising from a mutual or tacit agreement between the parties to serve the best interests of the children or to aid in the convenience of everyone concerned. The case presents a stronger factual setting for the creation of an exception to the rule than the earlier cases. Nevertheless, this court applied the rule that "extra-judicial modifications of dissolution decrees without subsequent judicial approval are not valid." *Tell,* 359 N.W.2d at 301 (citing *Dent*).

We conclude that the trial court correctly held that the case before it was controlled by *Tell* and that it correctly applied the law from that case and from *Dent.* Neither the trial court nor this court is free to disregard *Dent* where there is a willful failure to make child support payments.

This judgment is compelled by the language in *Dent* and by the policy interests that case protects. The doctrine shows regard for the continuing cost to the custodial parent who must always stand ready to provide care for the children. In *Gordon,* we held that

> [c]hild support payments enable a parent to pay more than daily living expenses. They are also to be used for such long-term expenses as housing and insurance.

*Gordon,* 356 N.W.2d at 437. In both *Gordon* and this case, the mother was awarded

physical custody of the children in the original judgment. Because of this, "the mother is required to pay all long-term expenses, even while the children may be temporarily staying with their father." *Id.* It is easy to see here how significant these costs may be. Even appellant asserts that the cost of providing all of the children's needs exceeds $2500 per month.

Further, there is no genuine merit in appellant's argument that respondent's efforts to obtain an education were entirely for her advancement and not for the benefit of others. The rule in *Dent* recognizes that support awards are not determined in a vacuum, but exist within the totality of the family's circumstances, and as such they may not be informally changed or disregarded by the parties affected by them.

Finally, if the rule against informal modifications is relaxed, it can be expected that judgments will be regularly subject to litigation on explanations for nonperformance.

There may be circumstances where strong equities will compel forgiveness of an obligated parent's failure to pay child support. For example, where an obligated parent assumes all care and cost of a child for an extended period of time, it may be unjust to require the obligor to make payments to the custodial parent. *See, e.g., Isler v. Isler,* 425 N.E.2d 667, 670 (Ind.Ct. App.1981) (equity may demand forgiveness where obligor has taken children into his home and provided them with food, shelter, clothing and other necessities for so long that a permanent change in custody is demonstrated). Even more compelling are cases showing great personal sacrifice by the obligated parent and that parent's present inability to pay. This is not such a case.

Because the case of *Tell v. Tell* is currently pending before the Minnesota Supreme Court on this very issue, we certify this case to that court for its consideration. Appellants in both *Tell* and this case argue that, in spite of the clarity of the law in this area, they should have the benefit of equitable considerations because they spent money and time caring for the children while they were living with them. However, the Minnesota Supreme Court has held that "equitable defenses are not available in an action based on accrued payments due under the decree of divorce." *Ryan v. Ryan,* 300 Minn. 244, 251 n. 2, 219 N.W.2d 912, 916 n. 2 (1974). This court has also held that:

> Although *Ryan* involved accrued alimony payments, the rule is even more appropriate in an action for accrued child support arrearages because the child's right to support must be protected.

*Faribault-Martin-Watonwan Human Services ex rel. Jacobson v. Jacobson,* 363 N.W.2d 342, 346 (Minn.Ct.App.1985).

Because the facts and issues of this case and *Tell* are similar, it is an appropriate contribution to judicial economy to have the supreme court examine the two cases together.

### DECISION

The trial court properly applied the law in refusing to forgive appellant's child support arrearages. *See* Minn.Stat. § 518.64, subd. 2 (1984); *Dent v. Casaga,* 296 Minn. 292, 208 N.W.2d 734 (1973).

Affirmed and certified.

WOZNIAK, J., dissents.

WOZNIAK, Judge (dissenting).

I respectfully dissent. Trial courts are afforded broad discretion in determining child support matters. *DuBois v. DuBois,* 335 N.W.2d 503, 507 (Minn.1983). Here, however, the trial court, as it indicated in its memorandum, assumed that it had no discretion to forgive the arrearages. The trial court erroneously interpreted our decision in *Tell v. Tell,* 359 N.W.2d 298 (Minn. Ct.App.1984), *pet. for rev. granted,* 366 N.W.2d 103 (Minn.1985), as holding that forgiveness of arrearages is not allowed where there has been a de facto modification of custody. In so doing, the trial court, as the majority does today, overlooked the fact that the trial court in *Tell* did exercise its discretion and forgave a

portion of the arrearages owed. *Id.*, 359 N.W.2d at 301. In affirming the trial court, this court did not question the partial forgiveness, but merely held that "the trial court did not err in assessing arrearages based on the provisions of the decree." *Id.*

This court in *Tell* based its decision on *Dent v. Casaga*, 296 Minn. 292, 208 N.W.2d 734, 737 (1973), in which the supreme court stated that, absent a judicial modification of custody, the original decree "is *entitled* to enforcement as originally entered" (emphasis added). This language is permissive; while it allows enforcement of the original support provisions in the context of a de facto custody modification, it does not mandate it. As the majority correctly points out, in *Dent* the supreme court affirmed the forgiveness of arrearages for the period in which there was a de facto change of custody.

I submit that a trial court still has the discretion to forgive arrearages in the context of a de facto custody modification where the facts are such that forgiveness is required in the interest of fairness and justice. This is such a case. The trial court erred in basing its decision on the assumption that it had no discretion to forgive any arrearages.

The majority also bases its decision on Minn.Stat. § 518.64, subd. 2 (1984), which provides that a trial court *"may"* forgive support arrearages as long as the failure to pay was "not willful." A reasonable reading of the statute compels the conclusion that it was intended to apply to cases in which the de jure and de facto custodial parent did not receive payments necessary to the support of the children due to a willful failure of the noncustodial parent to fulfill his support obligations. It was not intended to preclude the forgiveness of arrearages in a case such as this, where, by mutual agreement of the parties, there has been an extrajudicial custody modification and the de facto custodial parent did not make the payments because he was providing the day-to-day financial support of the children for a considerable period of time.

To award respondent the arrearages in this case would not further the children's well-being; it is difficult to see how the money would be used for the children's support when respondent did not have the children during the long period in question. The majority correctly points out that, as we stated in *Gordon v. Gordon*, 356 N.W.2d 436 (Minn.Ct.App.1984), child support payments are not only to be used for daily living expenses, but are also intended for such long-term expenses as housing and its associated expenses. Each case must, however, be decided on its own facts. This case is one in which there was no residence on which the respondent had to keep up expenses. During the period for which arrearages are claimed, the children were in appellant's custody and respondent was living in a college dormitory. While respondent was awarded the parties' lake home, the children have spent very little time there and it is not being used as a full-time residence by respondent.

Fairness dictates that appellant be forgiven at least a portion of the arrearages. He has already provided de facto support of the children for an extended period of time, including the period for which arrearages are claimed. He has provided the actual physical care and custody of the two sons since June of 1982 and of the daughter since May of 1983. The fact that the trial court modified the custody of the two boys, awarding custody to appellant, indicates that they are already well integrated into appellant's home. *See* Minn.Stat. § 518.18(d)(iii) (1984).

The trial court had the discretion to forgive the child support arrearages for the period during which appellant was the de facto custodial parent. Because its decision was based on the erroneous assumption that it had no discretion, I would reverse and remand for a determination of the amount of arrearages that should be forgiven in the interest of fairness.

## ORDER

### CERTIFICATION AND REQUEST

WHEREAS, the above-entitled appeal is now pending in this court; and

WHEREAS, this court has determined that certification of the matter to the Supreme Court for accelerated review pursuant to Minn.Stat. § 480A.10 subd. 2(b) (1984) is appropriate for the following reasons:

(1) The question presented is an important one upon which the court has not, but should rule,

(2) The Supreme Court has pending before it the case of *Tell v. Tell,* 359 N.W.2d 298 (Minn.Ct.App.1984), *pet. for rev. granted,* 366 N.W.2d 103 (Minn.1985), which involves the same issue presented by this case,

(3) For the reasons and analysis as contained in the attached opinion.

IT IS HEREBY REQUESTED that the Supreme Court approve the certification of this matter. Counsel for any party may file a response to this request with the Supreme Court Commissioner, 322 State Capitol, St. Paul, MN 55155 within ten days of the date of this document.