### STATE of Minnesota, DEPARTMENT OF HUMAN SERVICES, Respondent,

v.

### Stewart J. PETERSON, et al., Appellants.

### No. C8-85-2128.

Court of Appeals of Minnesota.

May 27, 1986.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Asst. Atty. Gen., St. Paul, for respondent.

Camille V. Doran, Duluth, for appellants.

Heard, considered and decided by WOZNIAK, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

HUSPENI, Judge.

Appellants Stewart J. Peterson and Peterson Pharmacy (Peterson) appeal from an order directing Peterson to comply with a subpoena issued by the Minnesota Department of Human Services (DHS) and finding him in contempt but withholding sanctions unless Peterson failed to comply with the subpoena. We dismiss the appeal.

## FACTS

Peterson was a pharmacy provider in the state medical assistance program which the DHS administers.

Following a DHS investigation of the Peterson Pharmacy in Duluth, Minnesota, the DHS concluded that Peterson had submitted reimbursement claims to the DHS that charged the agency prices that were higher than Peterson's usual and customary prices for several drugs. In a letter dated November 6, 1984, the DHS notified Peterson of its findings and demanded payment of the amount overcharged. The DHS advised Peterson that he could appeal the agency's action by submitting a written request for an appeal within twenty days.

In a letter dated November 24, 1984, Peterson sent the DHS a check payable for $104.37 in an effort to settle the matter. Peterson also disputed the accuracy of the price data that the DHS had collected from the pharmacy.

The DHS returned the check uncashed to Peterson. Because Peterson challenged the DHS's price data, the DHS informed

Peterson that it would conduct an on-site audit covering the three-year period during which the overcharging had allegedly occurred.

After Peterson failed to cooperate with the DHS's attempt to audit the pharmacy's records, the DHS served him with an administrative subpoena directing him to produce certain prescription records. Subsequently, Peterson failed to fully comply with the subpoena.

The DHS brought a motion for an order finding Peterson in contempt of court for failing to comply with the subpoena. On September 23, 1985, the trial court issued an order as follows:

1. That [Peterson] shall comply with the * * * subpoena * * * by making available, at Peterson Pharmacy, * * * the records requested in the subpoena.

* * * * * *

3. That these records shall be made available at a time and date agreeable to the parties, but in no event later than thirty (30) days from the date of this Order.

4. That sanctions for the contempt of [Peterson] in failing to comply with the subpoena shall not be imposed at this time, but that the [DHS] may apply to the court for the imposition of sanctions if [Peterson] fails to abide by the terms of this Order within the thirty (30) day period.

Peterson appeals from this order. On October 21, 1985, the trial court approved Peterson's supersedeas bond and stayed the proceedings pending the outcome of this appeal.

## ISSUE

Is the trial court's order appealable?

## ANALYSIS

Our review of the trial court's September 23 order is precluded by *Becker v. Becker*, 300 Minn. 512, 217 N.W.2d 849 (1974), which was recently approved in *Tell v. Tell*, 383 N.W.2d 678 (Minn.1986).

In *Becker*, the supreme court held that:

The contempt order [in this case] is a nonappealable order. It is not a final order. * * * It is a conditional order directing punishment only if defendant fails to purge himself of his contempt.

300 Minn. at 513, 217 N.W.2d at 850. In *Tell*, the supreme court reiterates its holding in *Becker*. 383 N.W.2d at 684–85. In the appeals court decision in *Tell*, this court distinguished *Becker* and held that when a supersedeas bond is posted and approved for purposes of appealing a contempt order, the order is final and appealable. *See Tell*, 359 N.W.2d 298, 302 (Minn.Ct.App. 1984). The supreme court directs in *Tell*, however, that providing a supersedeas bond does not render an otherwise nonappealable contempt order appealable under Minn.R.Civ.App.P. 103.03.[1] 383 N.W.2d at 685.

The trial court's September 23 order essentially finds Peterson in contempt and permits him to purge himself of the contempt by complying with the terms of the subpoena. It is a conditional order directing punishment only if Peterson fails to purge himself of his contempt of court. *See Becker*, 300 Minn. at 513, 217 N.W.2d at 850.

## DECISION

The trial court's September 23 order is not final and, therefore, is not appealable.

Appeal dismissed.

---

1. The supreme court still addressed the contempt issue raised in *Tell*, because it determined that the appellant appealed from a judgment that included the contempt finding, rather than a contempt order. 383 N.W.2d at 685.