**In Re the Marriage of Pauline D. WITELI, Petitioner, Appellant,**

v.

**Rodger WITELI, Respondent.**

**No. C3–86–619.**

Court of Appeals of Minnesota.

Sept. 2, 1986.

Leonard A. Wilson, Jr., Cloquet, for appellant.

Dennis J. Korman, Cloquet, for respondent.

Considered and decided by FOLEY, P.J., and HUSPENI and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Pauline Witeli appeals from the latest of numerous post-dissolution orders entered

subsequent to a 1977 dissolution judgment. The trial court found there had been no substantial change of circumstances that would render the original order for support unreasonable and unfair and denied appellant's motion for increased child support. The court also found appellant to be in contempt of court for failure to comply with the visitation order and denied both parties' motions for attorney's fees. We affirm.

## FACTS

In a 1977 judgment, two children, Brian, now 12 years old, and Jessica, now 10 years old, were placed in the custody of appellant Pauline Witeli, with reasonable visitation privileges given to respondent Rodger Witeli. Respondent was ordered to pay $120 per month in child support.

Appellant has since filed five motions and respondent has filed seven motions, asking for either modification or enforcement of the original visitation order. The court has issued a total of seven orders in an attempt to resolve the ongoing disputes.

Most recently, respondent moved for amendment and clarification of the visitation order, for attorney's fees, and for finding that appellant contemptuously failed to deliver the children as required by the visitation order. Appellant moved for an increase in child support, a limit on visitation by respondent's parents, and attorney's fees.

The court found that respondent's net monthly income at the time of the last support proceeding was $400, that respondent involuntarily lost his employment when his employer moved out of the area, and that since 1981 he has been a self-employed insurance agent. The court found that respondent's insurance agency has not yet begun to make a profit. This finding was supported by respondent's affidavit showing his business income and expenses and by a report from his insurance company indicating that a typical independent insurance agent does not earn a profit during the first five years of the business.

The court found that appellant has a present net monthly income of $600 and that her expenses have increased by a $40 rent increase and a $240 monthly payment for a truck she purchased. The court also found that a May 1984 agreement and order took into consideration the transportation expenses associated with visitation and that the present support order includes a $45 allowance per weekend to compensate respondent for those expenses. The court concluded that no substantial change of circumstances has occurred to render the existing support order unreasonable and unfair, and denied appellant's motion for an increase in child support.

In addition, the court found appellant to be in contempt of court for failure to comply with the visitation order and sentenced her to 30 days incarceration, stayed on the condition that appellant fully comply with all terms and provisions of the visitation order. Finally, the court denied motions of each party for an award of attorney's fees. Pauline Witeli appeals.

## ISSUES

1. Was it error to deny an increase in child support?

2. Was it error to deny attorney's fees?

## ANALYSIS

1. The decision to modify a child support order lies in the broad discretion of the trial court, and an appellate court will reverse only where it finds a "clearly erroneous conclusion that is against logic and the facts on record." *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986) (citing *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984)). The trial court's underlying findings of fact must not be set aside unless they are clearly erroneous. Minn.R.Civ.P. 52.01.

When considering a motion to modify a child support obligation, the trial court must first determine whether there has been a substantial change in circumstances, including substantially increased or decreased earnings of a party or substantially

increased or decreased need of a party. Minn.Stat. § 518.64 subd. 2 (Supp.1985).

If the moving party shows such a change in circumstances, the court must then consider statutory factors to determine whether the change has made the order unreasonable and unfair. *See Price v. Price,* 390 N.W.2d 483 (Minn.Ct.App.1986). If the order is found unfair the court must decide what modification it should make. *Moylan,* 384 N.W.2d at 864.

■ The trial court found that respondent's net monthly income at the time of the last support proceeding was $400, but that he has since lost his employment through no fault of his own and is now being supported by his present wife. The court found that there was no showing of earnings ability upon which to rely. *See Ferguson v. Ferguson,* 357 N.W.2d 104, 108 (Minn.Ct.App.1984) (trial courts may consider past earnings in setting child support). The evidence here is sufficient to support these findings.

In addition, the trial court found that appellant's expenses have increased by a $40 rent increase and monthly payments of $240 due to the purchase of a new car. The court concluded that this increase, in light of Roger Witeli's decreased income, did not evidence a substantial change in circumstances that would render the existing order unreasonable and unfair.

■ Appellant claimed two changed circumstances in this case, an increase in respondent's income and an increase in appellant's expenses. Absent respondent's ability to pay, we conclude it was not an abuse of discretion to deny a greater award to meet appellant's expenses. Other changed circumstances were not claimed by appellant, and in these circumstances the trial court was not obligated to explore other child support factors. *Cf. Price v. Price,* 390 N.W.2d 483 (Minn.Ct.App.1986) (following a determination that the obligor's income has substantially increased, an assessment of the fairness of a prior order requires consideration of all child support factors, those on needs and on resources of each parent and child).

■ 2. An award of attorney's fees rests almost entirely within the discretion of the trial court and will not be disturbed absent a clear abuse of discretion. *Solon v. Solon,* 255 N.W.2d 395, 397 (Minn.1977); *see also* Minn.Stat. § 518.14 (1984) (trial court may, after considering financial resources of both parties, order one party to help defray the legal expenses of the other). We will rarely reverse the trial court on this issue, and we decline to do so here. *See Rosenberg v. Rosenberg,* 379 N.W.2d 580, 587 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Feb. 19, 1986). Because neither party has significantly greater financial resources than the other, the circumstances do not pose that rare case indicating an abuse of discretion.

■ Appellant also seeks review of the trial court's contempt order. An order for contempt is a conditional order that directs punishment only if appellant fails to purge herself of the contempt. *Becker v. Becker,* 300 Minn. 512, 513, 217 N.W.2d 849, 850 (1974). *See also Tell v. Tell,* 383 N.W.2d 678, 685 (Minn.1986). As such, it is not a final order and is not appealable. *Becker,* 300 Minn. at 513, 217 N.W.2d at 850.

## DECISION

The trial court's denial of an increase in child support and of attorney's fees was within its discretion.

Affirmed.