DOUGLAS COUNTY CHILD SUPPORT ENFORCEMENT UNIT, Dennis Arras, Administrator for Jeanette Irene Cavegn, petitioner, Appellant,

v.

Laurence Eugene CAVEGN, Respondent.

No. C6-87-1838.

Court of Appeals of Minnesota.

March 8, 1988.

Tom Foley, Ramsey Co. Atty., Gail L. Young, Asst. Co. Atty., St. Paul, for appellant.

Albert O. Palm, Palm & Gerten, P.A., Edward F. Kautzer, Ruvelson & Kautzer, St. Paul, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

SEDGWICK, Judge.

Douglas County Child Support Enforcement Unit as administrator for Jeanette Cavegn appeals the dismissal of a petition brought under the revised Uniform Reciprocal Enforcement of Support Act (URESA). We reverse.

## FACTS

The parties' marriage was dissolved in 1981 in Minnesota. At that time the parties' children were fifteen, thirteen and ten years old. Under the terms of the original decree, the appellant received custody of the parties' three children, subject to respondent's right to reasonable visitation.

Respondent was ordered to pay $300 per month child support.

Two years later, the original decree was amended changing custody of the three children to respondent, and respondent's child support obligation was deleted from the decree. After living with respondent for two years, the only unemancipated child moved to Wisconsin to live with appellant.

Appellant brought a URESA petition in Minnesota in November 1987. The trial court found that the respondent had no enforceable child support obligation under Minnesota law and dismissed the case for lack of jurisdiction.

## ISSUE

Did the trial court err in dismissing the URESA petition because of the absence of a support order under the dissolution decree?

## ANALYSIS

The purpose of Minnesota's revised Uniform Reciprocal Enforcement of Support Act is to improve and extend the interstate enforcement of the duties of support. Minn.Stat. § 518C.01 (1982). The duty of support is defined as

a duty of support, whether imposed or imposable by law or order, decree or judgment of a court, whether interlocutory or final, or whether incidental to an action for divorce, separation, separate maintenance or otherwise and includes the duty to pay arrearages of support past due and unpaid.

Minn.Stat. § 518C.02, subd. 3 (1982). The applicable law is the law of state "where the obligor was present for the period during which support is sought." Minn.Stat. § 518C.28 (1982). The question is whether respondent has a duty of support under Minnesota law.

The terms of a statute should be enforced according to their "plain meaning." *McClish v. Pan–O–Gold Baking Co.*, 336 N.W.2d 538, 542–43 (Minn.1983). The definition of the duty of support is broad and includes obligations incident to

actions for divorce, separation "or otherwise." The phrase "or otherwise" encompasses URESA proceedings.

■ The URESA statute includes obligations "imposed" or "imposable by law." § 518C.02, subd. 3. Respondent argues that the deletion of his child support obligation terminated his duty to support under Minnesota law. The deletion may have terminated his "imposed" child support obligation but it did not terminate his "imposable" obligation. URESA applies to enforce a parent's duty to support his or her minor children even where, as here, no order or decree imposes that duty. *See England v. England,* 337 N.W.2d 681, 683–84 (Minn.1983) (holding URESA action lies to determine and enforce parent's child-support duty despite lack of order or decree imposing duty).

■ Parents owe their children a duty of support even after the marriage is dissolved. *Mund v. Mund,* 252 Minn. 442, 90 N.W.2d 309 (1958). The duty to support can be fulfilled in different ways. Here, when respondent had both physical and legal custody, he satisfied his support duty through his physical care of the child. Though appellant now has physical custody of the child in violation of the court order, respondent is still responsible for the child's welfare.

The enforcement of a duty of support is unaffected by an obligee's interference with custody or visitation rights. Minn. Stat. § 518C.16 (1982); *England,* 337 N.W. 2d at 684.

One basis for this concept is to prevent the child from becoming a pawn in the struggle between the parents. The child should not be affected because one parent violates a decree. The law has given the other parent a remedy: to go to court for an amended order.

*Wisconsin ex rel. Southwell v. Chamberland,* 361 N.W.2d 814, 816–17 (Minn.1985). Respondent has moved for an order requiring appellant to return the child to respondent's custody but that motion is not at issue here. The separation of visitation and custody concerns from support issues reinforces the idea that a child's needs are paramount and a duty to support is present regardless of custody.

## DECISION

The deletion of respondent's child support obligation while he had legal and physical custody of the child did not indefinitely terminate his duty of support. The trial court erred in dismissing the URESA petition for lack of jurisdiction.

Reversed.

RANDALL, J., dissents.

RANDALL, Judge, dissenting.

I respectfully dissent. The undisputed facts in this case present a unique situation unlike the fact situation in *England v. England,* 337 N.W.2d 681 (Minn.1983), which the majority finds controlling. In *England,* there was no previous order to interpret, and the Minnesota Supreme Court found that URESA could be employed to determine and enforce the duty of a parent to support his minor children, even though there was no existing decree or order.

Here there was an existing valid amended judgment and decree that, after granting respondent legal care and custody of the child involved, stated: "[P]aragraph number 3 of the said Conclusions of Law and Judgment and Decree, obligating the Petitioner to pay child support to Respondent *is deleted.*" (emphasis added).[1]

Some time thereafter, on an informal basis, the one unemancipated child of the parties changed physical custody from her father (respondent) to her mother (appellant). After appellant applied for and received AFDC in Wisconsin, the county child support enforcement unit making the payments started this URESA action.

The trial court was completely cognizant of the fact that respondent's daughter had

1. Amendment to Judgment and Decree, File 13033, Ramsey County Family Court Division, October 12, 1983.

moved from his house to her mother's in Wisconsin, and knew that appellant was receiving Wisconsin AFDC. Even though knowing this, the trial court found that the existing Minnesota decree was valid and controlling as to respective obligations of the parties, and it specifically did not require respondent to pay support. Thus, there would be no foundation for the URESA action until appellant successfully moved in Minnesota to modify the dissolution decree to provide for child support to be paid by respondent.

The original referee's findings of fact, conclusions of law and order, which were approved by a district court judge and reviewed and further approved by a second judge under a Rule 53 hearing, contained in part the following conclusion of law:

1. The Respondent father has the legal custody of [minor daughter] and no support obligation in the Minnesota dissolution proceeding. He has no legal obligation he is not fulfilling and, therefore, this Court is without jurisdiction to proceed on the Petition filed herein. The remedy available to the Petitioner mother is to bring a proper legal proceeding in the dissolution file mentioned hereinabove. Therefore, it is hereby

ORDERED

1. That the Petition is hereby dismissed, with prejudice.

The memorandum accompanying that order stated:

Cavegn v. Cavegn
File No. UR–24121

MEMORANDUM

The holding in *England v. England,* 337 N.W.2d 681 (Minn.1983) is distinguishable from this proceeding in that there had been no preceding legal action concerning custody, visitation or child support. URESA, by its terms, applies where there is a breach or failure of a legal duty to support dependent children. *State of Illinois ex rel. Shannon v. Sterling,* [248 Minn. 266], 80 N.W.2d 13 (Minn.1956). In the present URESA proceeding, the Respondent father has been granted custody and his court-ordered support obligation was terminated by an order of this court. If this court were to find jurisdiction under URESA, its decrees and orders in divorce and other proceedings would not be worth the paper on which they were written. The non-custodial parent would merely have to cross the border to the next state to defeat this court's order determining custody and child support. URESA was not enacted as a vehicle to defeat proper exercise of court jurisdiction. In addition, Petitioner has all necessary remedies available to her in this court's dissolution proceeding, File No. DM–3033. It is she who moved to Wisconsin.

Dated: May 21, 1987

Signed/Eugene L. Kubes
Referee

I agree. Appellant has the same right and obligation that all obligors and obligees in Minnesota do when they want to modify a dissolution decree to receive more money or to pay less money. The individual must go back to court and make the motion. Until that is done, the last valid order stands and any informal ex parte changes to that order are not judicially enforceable.

When appellant took the minor child from respondent to live with her in Wisconsin, it was an informal modification of the October 1983 decree which gave respondent legal and physical custody of his minor daughter, and deleted his child support obligation to appellant. It is settled law that any informal and out of court agreement between parents as to who shall live where and who shall pay what, are not legally binding and judicially enforceable until one party or the other goes back into court and obtains a modified decree. This court stated in *Lindberg v. Lindberg,* 379 N.W.2d 575 (Minn.Ct.App.1985) *aff'd,* 384 N.W.2d 442 (Minn.1986):

Informal modifications of dissolution decrees are not valid unless judicially approved. *Dent v. Casaga,* 296 Minn. 292, 296, 208 N.W.2d 734, 737 (1973). The Minnesota Supreme Court has stated:

[A] judgment of divorce providing for support payments in the future is a final judgment. This rule is subject to the right of a party to seek modification of the decree, but until such modification has been ordered, the decree is entitled to enforcement as originally entered.

*Id. See Taflin v. Taflin,* 366 N.W.2d 315 (Minn.Ct.App.1985) (applying *Dent* to enforce support obligation of father who stopped payments after his children began living with their maternal grandparents); *Tell v. Tell,* 359 N.W.2d 298 (Minn. Ct.App.1984) (*Dent* applied to enforce support obligation of obligor parent who assumed the care of his children and then stopped making support payments to obligee parent), *pet for rev. granted,* 366 N.W.2d 103 (Minn.1985); *Gordon v. Gordon,* 356 N.W.2d 436 (Minn.Ct.App. 1984) (applying principle to deny obligor father's request for reimbursement of payments he made to obligee while the children were living with the father).

*Id.* at 577.

The Ramsey County referee acknowledged this Minnesota rule of law in his conclusions of law when he pointed out that appellant had a remedy available by bringing the proper legal proceeding in Minnesota.

What is happening here is that URESA is being used improperly to modify a valid Minnesota dissolution decree. Until appellant obtains a modification requiring respondent to pay child support, Wisconsin does not have the proper vehicle to claim reimbursement from respondent for the public assistance payments under URESA.

I would have affirmed the trial court and directed appellant to seek relief by a motion to modify the existing dissolution decree to provide for legal and physical custody, and child support to her.